588 F.2d 69
 Stanley DAVIS, Appellant,
v.
Ralph L. WILLIAMS, Individually and as Warden, Maryland
House of Correction; Mark Levine, Individually and as
Commissioner of Corrections for the State of Maryland; Dr.
Rene Santos, Individually and as Physician, Maryland House
of Correction; the State of Maryland, By its Governor, the
Honorable Marvin Mandel, Appellees.
 No. 77-2636.
 United States Court of Appeals,
Fourth Circuit.
 Argued Sept. 12, 1978.
Decided Nov. 30, 1978.
 
 Michael Bowen Mitchell, Baltimore, Md., for appellant.
 Stephen B. Caplis, Asst. Atty. Gen., Baltimore, Md. (Francis B. Burch, Atty. Gen. of Maryland and Clarence W. Sharp, Asst. Atty. Gen., Chief, Crim. Div., Baltimore, Md., on brief), for appellees.
 Before HAYNSWORTH, Chief Judge, and BUTZNER and PHILLIPS, Circuit Judges.
 BUTZNER, Circuit Judge:
 
 
 1
 Stanley Davis appeals the dismissal of his complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. We affirm.
 
 
 2
 Davis, who was then confined in the Maryland House of Correction,[1] filed a complaint by counsel on October 7, 1975, alleging that he had been denied essential medical treatment for a hip injury received before his incarceration. He sought damages and an injunction preventing further deprivations of his constitutional and statutory rights, and he immediately applied for a preliminary injunction.
 
 
 3
 When the district court heard the request for a preliminary injunction on October 17, 1975, the prison officials agreed to give Davis the necessary treatment. From that time forward, Davis was repeatedly scheduled for diagnostic examinations by specialists. He generally failed to cooperate with the doctors and the officials who were attempting to arrange treatment for his injury. In late 1976, the parties agreed that Davis would be operated upon by a private surgeon of his choice. However, Davis failed to make the arrangements for the operation. Again and again, the district court requested information, urged Davis's counsel to proceed with his damages claim, and warned that the case would be dismissed unless the plaintiff took action. However, the case essentially lay dormant from January, 1976, until October 20, 1977. On that date, the district court dismissed the suit for want of prosecution.
 
 
 4
 The district court had authority under Rule 41(b) to dismiss the case with prejudice, on its own motion, for failure to prosecute. Link v. Wabash Railroad Co., 370 U.S. 626, 629-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The sole issue, therefore, is whether it abused its discretion. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).
 
 
 5
 A dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of "the sound public policy of deciding cases on their merits." Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974); 9 Wright & Miller, Federal Practice and Procedure § 2370, at 216-17. Against this policy, the district court must balance considerations of sound judicial administration, applying four criteria: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a " 'drawn out history' of 'deliberately proceeding in a dilatory fashion;' " and (4) the effectiveness of sanctions less drastic than dismissal. McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir. 1976).
 
 
 6
 Applying these standards, we conclude that the district court did not abuse its discretion in dismissing this case. Davis is not blameless. On November 10, 1975, he refused to keep an appointment for diagnostic tests because he could not take his radio with him. Three days later he declined to discuss his condition with an orthopedist. This and other obstructive conduct on Davis's part distinguishes this case from our decisions setting aside dismissals on which Davis relies.[2]
 
 
 7
 In addition, the record amply supports a finding that there was a long history of delay. The district court found that Davis's counsel "steadfastly refused to take the initiative in this litigation." For example, on several occasions, letters from the court to the attorney went unanswered, and the court found it necessary to make repeated requests for information. When information was finally given, it was incomplete. The district court held that the appellant could not shift the blame for these deficiencies to the prison officials, and this conclusion is fully supported by the evidence.
 
 
 8
 On appeal, counsel for Davis contends that he did not press the proceedings because he understood that they were to be suspended until after the surgery. This assertion is rebutted by the fact that the district court warned Davis's counsel that the action would be dismissed if it were not promptly prosecuted. Moreover, ten days after Davis filed suit, he obtained full assurance of adequate medical treatment, and there has been no showing of bad faith in the implementation of that promise. The deprivation of Davis's right to medical care, if any, came to a halt at that time, and there is no basis in the record for an assessment of damages beyond that point. Consequently, there was no justification for delaying trial of Davis's damage claim for nearly two years to the detriment of the prison officials.
 
 
 9
 The United States District Court in Maryland has a crowded docket. Appropriate sanctions must be available to prevent its work from being impeded by the type of conduct disclosed by this record. Referring to involuntary dismissals, the Supreme Court recently observed in National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976):
 
 
 10
 (T)he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.
 
 
 11
 The judgment of the district court is affirmed.
 
 
 
 [1]
 Davis has since been released from custody
 
 
 [2]
 Dove v. Codesco, 569 F.2d 807 (4th Cir. 1978); McCargo v. Hedrick, 545 F.2d 393 (4th Cir. 1976); Bush v. United States Postal Service, 496 F.2d 42 (4th Cir. 1974); Reizakis v. Loy, 490 F.2d 1132 (4th Cir. 1974)