818 F.2d 861
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George L. KARAPINKA, Plaintiff-Appellant,
v.
UNITED STATES GOVERNMENT, Defendant-Appellee.
 No. 86-2176.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 27, 1987.
Decided May 11, 1987.
 
 Before RUSSELL, PHILLIPS and MURNAGHAN, Circuit Judges.
 George L. Karapinka, appellant pro se.
 Betsy Clare Steinfeld, Assistant United States Attorney, for appellee.
 PER CURIAM:
 
 
 1
 George Karapinka appeals the district court's decision which dismissed his civil rights action. The district court dismissed Karapinka's suit after giving him repeated warning that the failure to respond properly to the court's order would result in dismissal.
 
 
 2
 Rule 41(b), Fed.R.Civ.P., grants district courts the authority to dismiss a case for failure to prosecute. Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962). This Court's review is limited to a determination of Whether the district court abused its discretion. In Davis v. Williams, 588 F.2d 69 (4th Cir.1978), this Court held that prior to invoking dismissal with prejudice a district court should balance four criteria: "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a 'drawn out history' of 'deliberately proceeding in a dilatory fashion;' and (4) the effectiveness of sanctions less drastic than dismissal." Id. at 70 (quoting McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir.1976).
 
 
 3
 The record indicates that the district court gave Karapinka repeated opportunities to prosecute his case; however, instead of continuing the litigation on the merits as the court directed, Karapinka chose to reargue the question of venue and file interlocutory appeals. This case has remained on the West Virginia district court's docket since 1983 Without any attempt by Karapinka to have the case revieWed on its merits. In view of the dilatory manner in which Karapinka has chosen to proceed in this case and the obvious prejudice which the defendants have experienced due to this delay the district court did not abuse its discretion by dismissing Karapinka's claim.
 
 
 4
 Accordingly We affirm the district court's dismissal. Because the dispositive issues recently have been decided authoritatively, We dispense With oral argument.
 
 
 5
 AFFIRMED.