836 F.2d 546
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bill R. DUNN, Debtor-Appellant,
v.
John A. NORTHERN, Trustee, Trustee-Appellee.
 No. 87-3060.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 29, 1987.
Decided Dec. 17, 1987.
 
 Bill R. Dunn, appellant pro se.
 John A. Northern, appellee.
 Before DONALD RUSSELL, JAMES DICKSON PHILLIPS, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bill R. Dunn appeals from the district court's dismissal of his appeal from a bankruptcy court decision for failure to timely file a designation of record and issues on appeal as required by Bankruptcy Rule 8006. We affirm.
 
 
 2
 We have examined the record and the materials the parties have submitted to this Court. The uncontroverted facts are that Dunn filed a timely notice of appeal of the bankruptcy court's decision but then failed to comply with Bankr. R. 8006 which requires, among other things, that an appellant file a designation of the items to be included in the record and the issues to be raised on appeal. Two months after Dunn failed to meet these requirements, the district court issued an order on 19 February requiring Dunn's compliance with the rules by 4 March.
 
 
 3
 Dunn filed a paper on 4 March, but this paper did not, as the district court correctly found, comply with the requirements of the bankruptcy rules. The district court then dismissed Dunn's appeal by order of 6 April.
 
 
 4
 Upon examination of the applicable bankruptcy rules, we are unable to say that the district court abused its discretion in dismissing Dunn's appeal. Although "[a] dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits,' " Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978) (quoting Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974)), we believe that Dunn's inexcusable neglect in failing to designate the record justified dismissal of the appeal.
 
 
 5
 We also agree that Dunn's attempt to attack the state court divorce judgment, affirmed by the North Carolina Court of Appeals, is frivolous. The district court, finding that the state court had jurisdiction to render the divorce decree, properly declined to redetermine the dollar value of the judgment as affirmed. See In re A-1 24 Hour Towing, Inc., 33 Bankr. 281, 283-86 (Bankr. D. Nev. 1983).
 
 
 6
 Because we find no abuse of discretion on the part of the district court, we affirm the judgment dismissing Dunn's appeal. We dispense with oral argument because the dispositive issues have recently been decided authoritatively. Dunn's motion "for dismissal of Appellees [sic] brief" is denied.
 
 
 7
 AFFIRMED.