849 F.2d 606
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Marvin E. SLADE, Jr.
Herbert C. SEEGARS, Plaintiff-Appellant,
v.
Marvin E. SLADE, Jr., Defendant-Appellee.
 No. 88-2038.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 29, 1988.
Decided: June 6, 1988.
 
 Herbert C. Seegars, appellant pro se.
 Elisabeth S. Petersen, for appellee.
 Before JAMES DICKSON PHILLIPS, MURNAGHAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Herbert C. Seegars appeals from the district court's dismissal of his appeal from a bankruptcy court decision for failure to file a designation of record and issues on appeal as required by Bankruptcy Rule 8006. We affirm.
 
 
 2
 We have examined the record and the materials the parties have submitted to this Court. The uncontroverted facts are that Seegars filed a timely notice of appeal of the bankruptcy court's decision but then failed to comply with Bankr.R. 8006a which requires, among other things, that an appellant file a designation of the items to be included in the record and the issues to be raised on appeal. Seegars filed three documents totaling more than 100 pages. None of the documents clearly designated the record or identified the issues on appeal. The district court, in deference to Seegars' pro se status, gave Seegars an additional 10 days to comply with Rule 8006. The court warned that failure to comply with the rule by giving the court notice of the proceedings and issues would result in dismissal.
 
 
 3
 Seegars then filed a 176-page document that did not, as the district court correctly found, comply with the requirements of the bankruptcy rules. The district court dismissed the appeal.
 
 
 4
 Upon examination of the applicable bankruptcy rules, we are unable to say that the district court abused its discretion in dismissing Seegars' appeal. Although "[a] dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits,' " Davis v. Williams, 588 F.2d 69, 70 (4th Cir.1978) (quoting Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir.1974)), we believe that Seegars' inexcusable neglect in failing to designate the record justified dismissal of the appeal.
 
 
 5
 Because we find no abuse of discretion on the part of the district court, we affirm the judgment dismissing the appeal. We dispense with oral argument because the dispositive issues have recently been decided authoritatively. Appellee's motion to dismiss the appeal is denied.
 
 
 6
 AFFIRMED.