865 F.2d 1257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Albert Charles BURGESS, Jr., Plaintiff-Appellant,
v.
Thomas J. ANDREWS, Defendant-Appellee.
 No. 88-2142.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 29, 1988.
Decided: Dec. 30, 1988.
 
 Albert Charles Burgess, Jr., appellant pro se.
 R.C. Carmichael, Jr. (Wade & Carmichael), for appellee.
 Before DONALD RUSSELL, WIDENER and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Albert Charles Burgess, Jr., a North Carolina inmate, brought this diversity action for legal malpractice against Thomas J. Andrews. The district court dismissed Burgess's complaint for failure to comply with an order to submit additional pleadings. Because the district court abused its discretion in dismissing the complaint, we vacate and remand with directions to reinstate the case.
 
 
 2
 In his complaint, Burgess claimed $369,000 in actual damages and $1,000,000 in punitive damages. On April 10, 1987, the court sua sponte ordered the parties to brief the applicability of North Carolina Rule of Civil Procedure 8(a)(2). The rule provides that in a professional malpractice claim the plaintiff may not claim a specific amount of damages if the damages exceed $10,000. Rather, the plaintiff must ask only for "damages incurred or to be incurred in excess of ten thousand dollars." N.C.R.Civ.P. 8(a)(2) (1979). The court did not give a deadline for filing these briefs. On April 14, 1987, Andrews moved to dismiss Burgess's complaint for failure to comply with the North Carolina rule.
 
 
 3
 On April 27, 1987, in response to Andrews's motion to dismiss, the court ordered Burgess to submit pleadings regarding the applicability of the North Carolina rule. These pleadings were due on May 15, 1987, and the order specifically stated that failure to comply would result in dismissal. Burgess did not receive the order, however, because he had escaped from prison.
 
 
 4
 Burgess surrendered himself to state custody and returned to prison on May 15, 1987. At that time, he received a copy of the court's order. Twelve days later, Burgess filed a motion entitled "motion for extension of time for compliance with order of the court." In this motion, Burgess requested leave to amend his complaint to conform with the North Carolina rule. He also moved for an extension of time to file documentation regarding the reason for his escape. On June 5, 1987, he filed an order from a South Carolina court acknowledging that Burgess escaped because he had testified for the state in another inmate's murder trial, and he believed that his life was in danger because of his testimony.
 
 
 5
 The court did not rule on either the motion to amend or the motion for extension.[1] Nine months passed, during which time discovery continued. On January 25, 1988, Francis T. Draine, a South Carolina attorney, petitioned the court for permission to appear pro haec vice on behalf of Burgess. Four days later, on January 29, 1988, the court dismissed Burgess's claim pursuant to Fed.R.Civ.P. 41(b) for failure to file pleadings in compliance with the April 27, 1987, order. Burgess moved for reconsideration, but that motion was denied. He now appeals the court's dismissal of his complaint.[2]
 
 
 6
 The propriety of a Fed.R.Civ.P. 41(b) dismissal is analyzed under the four-part test set forth by this Court in Davis v. Williams, 588 F.2d 69, 70 (4th Cir.1978). The criteria to be considered include: (1) degree of personal responsibility on the part of the plaintiff, (2) amount of prejudice to the defendant, (3) presence or absence of a " 'drawn out history' of 'deliberately proceeding in a dilatory fashion,' " and (4) effectiveness of sanctions less drastic than dismissal. Id. at 70, quoting McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir.1976). None of these factors alone is determinative; all must be considered. Reizakis v. Loy, 490 F.2d 1132 (4th Cir.1974).
 
 
 7
 The district court correctly assigned fault for the 12-day delay in complying with the order to Burgess, as the delay was caused by his escape from prison. However, responsibility for delay is only one of four Davis factors, and is not alone sufficient to justify the dismissal.[3] Davis, 588 F.2d at 70.
 
 
 8
 The next factor to be considered is prejudice to the defendant caused by plaintiff's delay in complying with the order. Andrews does not claim to have been prejudiced, nor does the record reveal any prejudice arising from the 12-day delay.[4] Therefore, the second prong of the Davis test has not been met.
 
 
 9
 Third, we must look for a history of intentional delays on the part of the plaintiff. The record discloses only one delay occasioned by Burgess, the delay at issue here. He has not asked for continuances or otherwise delayed the proceedings. In contrast, Andrews filed his answers to Burgess's first set of interrogatories 18 days beyond the 30-day limit set by Fed.R.Civ.P. 33. Thus we do not find that Burgess has deliberately engaged in dilatory tactics as condemned by Davis.
 
 
 10
 Fourth, we believe that the court could have imposed a lesser sanction than dismissal for Burgess's 12-day delay in complying with the order. The sanction of dismissal is harsh and should only be applied in extreme cases. McCargo v. Hedrick, 545 F.2d at 396. Because there was only one short delay in this case, and because Burgess promptly rectified his mistake, a lesser sanction would have been appropriate. Bush v. United States Postal Service, 496 F.2d 42 (4th Cir.1974).
 
 
 11
 Finally, it is significant that Burgess was an inmate proceeding pro se throughout this matter. The record supports a finding that he substantially complied with the court's order. Because Burgess substantially complied with the order, and because he was a pro se inmate, the court should not have dismissed his claim without giving him an opportunity to cure any defect which remained after his motion to amend. Carter v. Hutto, 781 F.2d 1028 (4th Cir.1986).
 
 
 12
 We conclude that the district court abused its discretion by dismissing this case. Therefore, we vacate the district court's dismissal and remand with directions to reinstate the case. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 13
 VACATED AND REMANDED.
 
 
 
 [1]
 The district court never acknowledged the motion as a motion to amend. The amendment, if allowed, would have cured any discrepancy between the complaint and the North Carolina rule, thus negating the necessity for pleadings regarding the rule's applicability. Burgess clearly believed that by moving to amend his complaint and by filing the South Carolina court's order as explanation for his delay in responding, he had complied with the district court's order, and that no further action was necessary
 
 
 [2]
 This case was appealed to this Court once before. Burgess v. Andrews, No. 88-2040 (4th Cir. May 23, 1988) (unpublished). At that time we were unable to consider the merits because Andrews's counterclaim for legal fees was still pending before the district court. Because Andrews voluntarily dismissed the counterclaim, we may now decide the merits
 
 
 [3]
 The Supreme Court has held that the appeal of a criminal conviction may be dismissed if the appellant has escaped from custody and refused to return. Molinaro v. New Jersey, 396 U.S. 365, 366 (1970). This Court has held, however, that when an escapee returns to state custody before his appeal has been dismissed, the per se dismissal rule does not necessarily apply. United States v. Snow, 748 F.2d 928, 930 (4th Cir.1984), citing Barker v. Jones, 668 F.2d 154, 155 (2d Cir.1982). One rationale for this rule is that an escapee will be punished criminally for his escape, so it is not necessary to further punish him for his escape by dismissing his appeal. Snow, supra, at 930. Because Burgess voluntarily surrendered himself to state custody nine months before the case was dismissed, and because the escape did not delay the court's schedule, dismissal was not necessary
 
 
 [4]
 Indeed, Burgess's amendment would concede applicability of the North Carolina rule, a concession which would benefit Andrews