875 F.2d 316
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Daniel L. PARRISH, Plaintiff-Appellant,
v.
Shelva P. JOURNIGAN, Bruce Journigan, T. Yates Dobson, Jr.,
James W. Narron, Defendants-Appellees.
 No. 88-2945.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 10, 1989.
Decided May 4, 1989.
Rehearing and Rehearing In Banc Denied June 5, 1989.
 
 Daniel L. Parrish, appellant pro se.
 Walter Edgar Brock, Jr., Young, Moore, Henderson & Alvis, PA, Gary S. Parsons, Bailey & Dixon, for appellees.
 Before ERVIN, Chief Judge, and DONALD RUSSELL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Daniel L. Parrish appeals the district court's dismissal of his suit seeking damages allegedly arising from the settlement of his deceased mother's estate. The district court dismissed the suit for failure to prosecute based upon Parrish's failure to attend a pretrial conference. We affirm the dismissal, but for a reason different from that asserted by the district court.
 
 
 2
 Parrish originally filed this suit in the Eastern District of Virginia, basing jurisdiction on diversity of citizenship, 28 U.S.C. Sec. 1332. Following transfer of the action to the Eastern District of North Carolina pursuant to 28 U.S.C. Sec. 1406(a), the court ordered a pretrial status conference in order to clarify Parrish's complaint. Parrish received notice of the conference but did not show up. Instead, he wrote a letter to the district court arguing, inter alia, that he should not be required to attend the conference because although the case had been assigned to the Raleigh Division of the Eastern District of North Carolina under local Rule 3.03(a), the conference was scheduled to occur in the Wilmington Division. When Parrish failed to appear at the conference, the district court dismissed the action "for failure to prosecute."
 
 
 3
 Although a district court has the authority to dismiss a case for failure to prosecute, see Fed.R.Civ.P. 41(b), or for failure to obey an order of the court requiring attendance at a pretrial conference, see Fed.R.Civ.P. 16(f), 37(b)(2)(C), dismissal with prejudice* is a harsh sanction which should not be invoked lightly. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir.1978); Reizakis v. Loy, 490 F.2d 1132 (4th Cir.1974). We express our reservations as to the propriety of such a severe sanction in the instant case. However, we affirm the dismissal because we conclude that the district court lacked subject matter jurisdiction over Parrish's complaint.
 
 
 4
 In Parrish's complaint, he sought a determination that his mother's will was invalid due to undue influence and lack of testamentary capacity. He also sought removal of the attorneys representing the estate in ongoing probate proceedings in state court. As these matters directly implicate the administration of an estate, they fall within the exclusive jurisdiction of the state probate court. See Markham v. Allen, 326 U.S. 490, 494 (1946); Foster v. Carlin, 200 F.2d 943, 947 (4th Cir.1952); Johnson v. Stevenson, 269 N.C. 200, 152 S.E.2d 214 (1967). Thus, the district court properly refrained from exercising jurisdiction.
 
 
 5
 The order of the district court is affirmed for the reason expressed above. The order is modified to reflect that dismissal is without prejudice. See 28 U.S.C. Sec. 2106. We deny Parrish's motion for removal of the attorneys representing Gladys Parrish's estate in state court. We also decline to intervene in the issue of the appropriateness of attorney's fees in the state court litigation. Finally, we deny Parrish's motion that this Court order an accounting of his mother's estate. We dispense with oral argument because the facts and legal contentions are adequately contained in the record and argument would not aid the decisional process.
 
 
 6
 AFFIRMED AS MODIFIED.
 
 
 
 *
 As the order dismissing Parrish's suit did not indicate whether dismissal was with or without prejudice, the dismissal is deemed to be with prejudice. See Fed.R.Civ.P. 41(b); Buxton v. Aero Mayflower Transit Co., 18 Fed.R.Serv.2d 342, 343 n. 1 (4th Cir.1974)