879 F.2d 863
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Paul Lamont PARHAM, Plaintiff-Appellant,
v.
Captain LONGERBEAM; Donald Cox, Sergeant; William W.
Wright, Lieutenant, Defendants-Appellees.
 No. 89-6540.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 15, 1989.
Decided: July 10, 1989.
 
 Paul Lamont Parham, appellant pro se.
 Before K.K. HALL, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Paul L. Parham, a Virginia inmate, filed an action pursuant to 42 U.S.C. Sec. 1983 alleging various constitutional violations. The district court on October 26, 1988, gave Parham 90 days within which to attempt to resolve his claim through Virginia's Administrative Grievance procedure. That order required Parham to file a verified statement that he had exhausted his rights, and that failure to file such a statement within 100 days would result in dismissal of the action. No statement was filed, and on February 8, 1989, the court dismissed the complaint without prejudice.
 
 
 2
 Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a case for failure of the plaintiff to comply with a court order. We may review such a dismissal only to determine whether the court abused its discretion in dismissing the action. See Davis v. Williams, 588 F.2d 69 (4th Cir.1978). We cannot say that the district court abused its discretion by dismissing Parham's complaint, particularly since the dismissal was without prejudice.*
 
 
 3
 Parham's request for appointment of counsel is denied since his case does not present exceptional circumstances. See Whisenant v. Yuam, 739 F.2d 160 (4th Cir.1984); Cook v. Bounds, 518 F.2d 479 (4th Cir.1975).
 
 
 4
 Accordingly, we affirm the district court. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Because the dismissal was without prejudice, Parham may again file his complaint, once the grievance procedure is exhausted