885 F.2d 867
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald Bruce WEAVER, Jr., Plaintiff-Appellant,
v.
Major CONTRELL, Defendant-Appellee.
 No. 89-7114.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 28, 1989.
Decided Sept. 18, 1989.
 
 Donald Bruce Weaver, Jr., appellant pro se.
 Before WIDENER and WILKINSON, Circuit Judges and BUTZNER, Senior Circuit Judges.
 PER CURIAM:
 
 
 1
 Donald Bruce Weaver, Jr., a Virginia prisoner, filed suit pursuant to 42 U.S.C. Sec. 1983 contending that he was denied certain privileges without a disciplinary hearing, and sought leave to proceed in forma pauperis. The district court ordered Weaver to provide within 20 days a list of institutions at which he had been incarcerated so that it could consider his motion to proceed in forma pauperis. When this information was not forthcoming, the district court dismissed his complaint.*
 
 
 2
 Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a case for failure of the plaintiff to comply with any court order. Such a dismissal is with prejudice, unless otherwise specified. The district court's dismissal due to Weaver's failure to respond to a court order was thus with prejudice, since it was not otherwise specified. See Fed.R.Civ.P. 41(b).
 
 
 3
 A dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of the public policy of deciding cases on their merits. We must consider four factors in determining whether dismissal is proper under Rule 41(b): (1) whether the record indicates a clear case of delay by the plaintiff, (2) the amount of prejudice to the defendant caused by plaintiff's delay, (3) whether the record indicates a drawn out history of deliberately proceeding in a dilatory fashion, and (4) whether the trial court considered sanctions less drastic than dismissal. Davis v. Williams, 588 F.2d 69, 70 (4th Cir.1978).
 
 
 4
 While dismissal of the case was called for, we are of opinion that the dismissal should have been without prejudice.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately contained in the record and oral argument would not aid the decisional process.
 
 
 6
 On remand, the order of dismissal should be modified to reflect that it is without prejudice.
 
 
 7
 REMANDED AND AFFIRMED AS MODIFIED.
 
 
 
 *
 We note that Weaver appears to have provided the information requested by the district court in his notice of appeal