888 F.2d 1387
 15 Fed.R.Serv.3d 238
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Everett Ray SNYDER, Jr., Plaintiff-Appellant,
v.
John E. HOPKINS, III, Sheriff, Jess R. Hazelwood, Giles
County Jail, Defendants-Appellees.
Everett Ray SNYDER, JR., Plaintiff-Appellant,
v.
John E. HOPKINS, III, Jess R. Hazelwood, Teddy Vaughn,
Defendants-Appellees.
 No. 89-6623, 89-7613.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 20, 1989.
Decided Oct. 20, 1989.
 
 Everett Ray Snyder, Jr., appellant pro se.
 Raymond R. Robrecht, for appellees.
 Before K.K. HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In these consolidated cases, Everett Ray Snyder, Jr., challenges as unconstitutional the conditions of confinement at the Giles County, Virginia, Jail. Snyder was incarcerated as a pretrial detainee from September 15, 1985, until March 10, 1986, when he was transferred to Staunton Correctional Center.
 
 
 2
 Snyder appeals in No. 89-6623 the district court's dismissal with prejudice, pursuant to Fed.R.Civ.P. 41(b), of the case following our remand in Snyder v. Hopkins, No. 86-6821 (4th Cir. Apr. 21, 1987) (unpublished). In that case we directed that "[o]n remand, defendants should be required to submit a detailed answer to all of Snyder's allegations." Id., slip op. at 3.
 
 
 3
 The case was reinstated on the district court's active docket almost two years later by order dated March 28, 1989, and a jury trial was scheduled for April 19. Despite our explicit instruction that on remand, the court should require defendants to respond specifically to Snyder's contentions, no such order was issued.
 
 
 4
 On April 3, 1989, the court dismissed the action for want of prosecution because Snyder had not had any contact with the court since May 14, 1987, the date the district court received our remand order. Additionally, the court offered as a ground for dismissal Snyder's failure to comply with a January 31, 1986, order that if he were released or transferred, he should notify the court and apprise the court of his new address, if known. Snyder was paroled in June 1988 and did not so notify the district court.[1]
 
 
 5
 In No. 89-7613, Snyder appeals the district court's dismissal with prejudice, again pursuant to Fed.R.Civ.P. 41(b), of his 42 U.S.C. Sec. 1983 action filed on October 19, 1987. He raised many of the same allegations concerning conditions at the jail that were made in No. 89-6623.
 
 
 6
 Defendants' answer, filed on November 9, 1987, was simply a conclusory denial of any constitutional violation. On the basis of the answer, which was construed as a motion to dismiss, and the complaint, the district court on March 6, 1989, granted the motion as to some claims and denied it as to the remaining claims. Defendants moved on March 9 to dismiss the live claims for want of prosecution. On March 16 the district court scheduled a jury trial for April 19. Obviously, the two trials were to be conducted together.
 
 
 7
 On April 3, the court granted the motion to dismiss for failure to prosecute because Snyder had not contacted the court since March 15, 1988. Snyder's not notifying the court of his June, 1988, parole and his new address, in accordance with the court's October 19, 1987, order, was an additional ground for the Rule 41(b) dismissal.
 
 
 8
 The standard of review in the case of a Fed.R.Civ.P. 41(b) dismissal is whether the district court abused its discretion. Davis v. Williams, 588 F.2d 69, 70 (4th Cir.1978).
 
 
 9
 Considering first the dismissal of the cases for noncompliance with the court orders concerning change of address, we conclude that dismissal on this ground was an abuse of discretion. The Western District of Virginia issues a standard three-page order when a pro se complaint is filed. Paragraph Six of that order states that "Plaintiff shall notify the Court immediately upon his transfer or release and shall provide his new address, if known." Snyder was never warned in either case of the possible consequences, including dismissal, of noncompliance with this order. In No. 89-6623, the order was entered on January 31, 1986. The case was dismissed on April 3, 1989. In No. 89-7613, the dates were October 19, 1987, and April 3, 1989, respectively. In light of the deference given pro se plaintiffs, the failure to warn Snyder of potential consequences of noncompliance, the fact that the notification requirement was brought to Snyder's attention only once--at the beginning of the proceedings--in each case and was buried in an order setting forth various procedural rules, dismissal with prejudice was an abuse of discretion.
 
 
 10
 Similarly, under Davis v. Williams, dismissal for want of prosecution also was an abuse of discretion. Davis dictates that the court must consider four factors in deciding whether to dismiss a case for want of prosecution pursuant to Fed.R.Civ.P. 41(b). Those factors are:
 
 
 11
 (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of the prejudice to the defendant caused by the delay; (3) the presence or absence of a " 'drawn out history' of 'deliberately proceeding in a dilatory fashion; ' " and (4) the effectiveness of sanctions less drastic than dismissal.
 
 
 12
 588 F.2d at 70.
 
 
 13
 The district court did not explicitly apply Davis in either case. Arguably, the court applied the first factor when it gave as grounds for each dismissal Snyder's not contacting the court for a specific period of time and his not informing the court of his whereabouts following parole. There is no indication that the other Davis factors were given consideration.
 
 
 14
 The delay could not have significantly prejudiced the defendants. The two cases raised virtually the same allegations. Defendants in No. 89-7613 were prepared to defend on the merits as of November 9, 1987, when they filed their answer. They do not claim that the subsequent seventeen-month delay impeded their ability to defend these apparently straightforward cases. In neither case did Snyder have a history of deliberately proceeding in a dilatory fashion. Finally, the record is devoid of any indication that the court considered sanctions less severe than dismissal with prejudice.
 
 
 15
 We next address the first Davis factor, Snyder's responsibility for the delay that resulted in the dismissal. In No. 89-6623, the fault was not Snyder's alone. Any litigant reading our opinion in No. 86-6821 would expect that he was required to do nothing to reactivate the case. Rather, the litigant would assume that it was the court's responsibility to take the necessary steps to resume consideration of the case. The case lay dormant in the district court for at least 13 months, until some time following Snyder's June, 1988, release.
 
 
 16
 We do not condone Snyder's failure to notify the court of his whereabouts once he was paroled. This made it impossible for the district court to contact him once the court began working on the case. We recognize the district court's need to manage its own docket. We acknowledge that there is no rule governing when, following remand, a district court must act pursuant to the remand.
 
 
 17
 In this case, however, the court bears a considerable amount of the blame for the delay. Prompt action in accordance with our remand would in all probability have resulted in a resolution on the merits, for Snyder could have easily been located prior to his parole.
 
 
 18
 Under Davis, the dismissal of No. 89-6623 was an abuse of discretion. Application of the Davis factors to the facts in No. 89-7613 compels the same result. There was no prejudice to defendants, no history of delay, and no indication that sanctions less harsh than dismissal were addressed. Snyder bears the brunt of responsibility for the delay. On balance, however, we conclude that dismissal with prejudice was an abuse of discretion.
 
 
 19
 We remand both cases. The district court should promptly reinstate the matters on its active docket and conduct such further proceedings as are necessary to resolve this case.[2] With respect to those issues resolved in defendants' favor in the court's order of March 6, 1989, in No. 89-7613, we affirm on the reasoning of the district court. As our review of the record and other materials before us indicates that it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 20
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 [1]
 Snyder claims in his informal brief that in early June, 1988, he informed the court that his parole was imminent and gave the court his new address. The district court has no record of such notification
 
 
 [2]
 Snyder, according to our records, is currently incarcerated at the Giles County Jail. In light of the difficulty previously created by his not keeping the court informed of his address, we are confident that on remand he will ensure that the district court knows at all times where he resides