**Gilbert Leonard VAUGHN, a/k/a Gilbert Williams, Plaintiff,**

v.

**Deputy Warden O'DONNELL, et al., Defendants.**

**No. 85 Civ. 6259 (RPP).**

United States District Court, S.D. New York.

April 10, 1990.

140

Webster & Sheffield, Steven Ringleberg, New York City, for plaintiff.

Victor A. Kovner, Corp. Counsel, The City of New York, Law Dept., New York City, and Robert Trachtenberg, Asst. Corp. Counsel, for defendants.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Defendants move to dismiss this action, a prisoner's claim of guard brutality, for failure to prosecute. The alleged incident took place on June 26, 1985. The action was commenced in August 1985 by the filing of a pro se complaint. Defendants took plaintiff's deposition on or about April 21, 1986, pursuant to order of Judge Kram. The case was marked ready for trial by defendants on February 11, 1987. Counsel for plaintiff was assigned by Judge Kram on July 14, 1987, at which time plaintiff was no longer incarcerated. Since September 1987, however, he has been incarcerated in penal institutions in Virginia.

On February 26, 1988 assigned counsel for plaintiff served an amended complaint and interrogatories. Defendants filed an answer to the amended complaint on April 8, 1988.

In the fall of 1988, counsel for plaintiff did not attend a pretrial conference before Judge Kram, in part due to court obligations in San Francisco.

In January 1989, plaintiff's counsel attended a pretrial conference before this Court, but defendants' counsel did not attend. In March 1989 at a pretrial conference attended by both counsel a discovery schedule was set. Thereafter, plaintiff informed counsel that he was considering whether to pursue his claims. On June 13, 1989, at a status conference, plaintiff's counsel informed the Court of plaintiff's possible withdrawal of claims.

On July 6, 1989, assigned counsel for plaintiff did not attend a court-scheduled conference, in part due to an attorney's court-related activities in North Carolina. The attorney assigned this pro bono representation worked virtually full-time in North Carolina from July 1989 through the remainder of the year. During August that attorney and defendants' attorney tried but were unable to reach each other on the telephone. The attorney for plaintiff failed to appear at the Court's scheduled conference on August 7, 1989. Not until October 1989 did plaintiff notify his counsel he wished to continue the action.

Defendants filed this motion on or about November 21, 1989; opposition papers were filed on December 5, 1989; and reply papers on December 11, 1989. Argument was heard on December 21, 1989.

■ *The motion to dismiss for failure to* prosecute is denied. The failure of the attorney assigned to work in North Carolina and the plaintiff's incarceration, including hospitalization in Virginia, have combined to create an appearance of unwillingness to prosecute or neglect. The Court has received assurances from as-

signed counsel for plaintiff that these matters have now been resolved and will not recur.

■ Determinations to grant or deny this type of motion turn on the facts of each case. *Jackson v. Schoemehl,* 788 F.2d 1296, 1299 (8th Cir.1986); *Davis v. Operation Amigo, Inc.,* 378 F.2d 101, 103 (10th Cir.1967).

■ The Court has inherent authority to grant such a motion, *Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 665 (2d Cir. 1980), but must weigh the public interest in expeditious resolution of litigation, *Citizens Utilities Co. v. Amer. Tel. & Tel. Co.,* 595 F.2d 1171, 1174 (9th Cir.1979), *cert. denied,* 444 U.S. 931, 100 S.Ct. 273, 62 L.Ed.2d 188 (1979), against the public interest in having a case decided on its merits. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978); *Theilmann v. Rutland Hosp. Inc.,* 455 F.2d 853, 855 (2d Cir.1972) (dismissal with prejudice "is a harsh remedy to be utilized only in extreme situations").

Under the facts and circumstances here, the Court finds dismissal is too harsh a remedy.

Discovery herein will be completed by July 11, 1990; a pretrial order will be filed by July 18, 1990; and a pretrial conference will be held on July 25, 1990 at 9:00 a.m.

SO ORDERED.