**Shawn Akin CLAITT, Plaintiff,**

**v.**

**B.N. NEWCOMB, Defendant.**

**Civ. A. No. 89–00788–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

Aug. 10, 1990.

Saád El–Amin, Saád El–Amin & Associates, Richmond, Va., for Shawn Akin Claitt.

Warren H. Britt, James W. Hopper, James W. Shortt, Parvin, Wilson, Barnett & Hopper, Richmond, Va., for B.N. Newcomb.

MEMORANDUM

SPENCER, District Judge.

I

This matter is before the Court on defendant's motion for involuntary dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. For reasons stated below, the Court will grant defendant's motion and will dismiss plaintiff's suit with prejudice.

## A

The plaintiff in this case is Shawn Akin Claitt, an African American man who was formerly a student at St. Paul's College in Lawrenceville, Virginia. The defendant is B.N. Newcomb, an officer in the Lawrenceville Police Department. On October 18, 1988, defendant apprehended and arrested plaintiff outside a retail store near the St. Paul's campus. Plaintiff subsequently filed this action against defendant, alleging negligence, malicious prosecution, the uttering of "insulting words" in violation of Va.Code Ann. § 8.01–45 (1984), and assault and battery.

On February 20, 1990, this Court entered its standard Pre–Trial Order, which, *inter alia*, established time limits for the submission of various materials. The final paragraph of that Order admonished counsel as follows: "Counsel are further advised that all time limits and restrictions herein shall be *strictly observed.*" *Claitt v. Newcomb*, C.A. No. 89–00788–R (E.D.Va. Feb. 20, 1990) (Pre–Trial Order).

Throughout the prosecution of this case, plaintiff and plaintiff's counsel have demonstrated a clear disregard for the Court's Pre–Trial Order and for basic principles of courtesy among litigants and their attorneys. Plaintiff's chronic non-compliance with the Pre–Trial Order evinces a lack of respect for the Court, for defendant, and for defendant's counsel. This non-compliance results from either a conscious unwillingness to follow this Court's orders or a reckless disregard for those orders. Whatever its cause, it has prejudiced defendant's case and interfered with the smooth operation of the Court.

## B

First, plaintiff has failed to supplement his response to defendant's interrogatory on damages in a timely fashion. Defendant propounded his First set of Interrogatories to plaintiff on January 31, 1990. Defendant's Interrogatory No. 23 requested the following:

Please describe with specificity each item of damages which you claim to have suffered as a result of the incident which is the subject matter of your Complaint. Please specify all documents relating thereto.

Exhibit A to Memorandum in Support of Motion in Limine, *Claitt v. Newcomb*, C.A. No. 89–00788–R (E.D.Va. filed Dec. 22, 1989).

Plaintiff responded to Interrogatory No. 23 as follows:

I suffered and is [sic] presently suffering mental distress because of the ordeal. There was physical pain inflicted on me when Officer Newcomb broke my watch and two other unknown officer's [sic] tore my shirt when they slam [sic] me against the car. Plaintiff is in the process of compiling the monetary damages and will supplement this Interrogatory once this information becomes available.

Exhibit B to Memorandum in Support of Motion in Limine, *Claitt v. Newcomb*, C.A. No. 89–00788–R (E.D.Va. filed Dec. 22, 1989).

Under the Pre–Trial Order, the discovery cut-off date in this matter was originally set for May 1, 1990. On April 18, plaintiff filed a motion to extend the discovery period. The Court granted that motion and extended discovery until May 18, 1990. Defendant did not receive plaintiff's supplemental response to Interrogatory No. 23, however, until May 29, 1990, eleven days after the extended discovery cut-off date and only twelve days before trial, which was scheduled for June 11, 1990. To make matters worse, plaintiff's supplemental response, after listing certain purported items of damages, stated that "[t]his Interrogatory will be supplemented once additional information is available." Exhibit C to Memorandum in Support of Motion in Limine, *Claitt v. Newcomb*, C.A. No. 89–00788–R (E.D.Va. filed Dec. 22, 1989).

Plaintiff's filing of his *partial* itemization of damages on the eve of trial prejudiced defendant in his efforts to prepare for trial. The late filing might also have prejudiced defendant in his efforts to develop a strategy as to whether to proceed to trial or to attempt to settle the matter out of court.

## C

Second, plaintiff has twice filed revised witness lists in an untimely manner. Under the Pre–Trial Order, a plaintiff must file his list of witnesses no later than fifteen days prior to trial. Plaintiff timely filed his first list of witnesses on May 24, 1990, sixteen days before trial.

Plaintiff then filed a "Revised List of Witnesses" on May 29, 1990, only thirteen days prior to trial. Plaintiff offered no reason for this late filing. Plaintiff filed a *second* "Revised List of Witnesses" on June 7, 1990, only four days prior to trial. Again, plaintiff offered no explanation for his late filing. Neither of plaintiff's two revised witness lists was a list of rebuttal witnesses.

Plaintiff's filing of his second and third witness lists, thirteen and four days before trial prejudiced defendant in his efforts to prepare for trial. Each of the late filings subjected defendant to the prospect of having witnesses called against him for whom he could not adequately prepare.

## D

Third, plaintiff has failed to notify defendant in a timely fashion of the waiver of his prior demand for a jury trial. In his complaint, filed December 22, 1989, plaintiff demanded that this matter be tried to a jury. Accordingly, this Court, in the Pre–Trial Order entered February 20, 1990, set the matter for a jury trial on June 11, 1990. At some point during the litigation, plaintiff waived his demand for a jury trial. Plaintiff never gave defendant direct notice of the waiver, however. Nor was the indirect notice which defendant received timely.

Because of the lack of timely notice, defendant justifiably proceeded as if the June 11 trial would be a jury trial rather than a bench trial. To this end, defendant's attorneys spent a great deal of time—shortly before the trial date—researching and preparing a proposed jury charge. The resulting jury charge, which was timely filed on June 4, 1990, was fifty-eight pages in length and contained fifty-seven proposed jury instructions. Defendant also expended time and resources preparing oversized exhibits for use with a jury.

Defendant did not learn of plaintiff's waiver of his demand for a jury trial until June 5, 1990, six days prior to trial, when plaintiff filed his proposed findings of fact and conclusions of law. It should be noted that plaintiff's filing of the proposed findings of fact and conclusions of law was itself untimely under the Pre–Trial Order, which directed that such items be filed at least seven days prior to trial. This was in keeping with the pattern of tardiness established by plaintiff in this litigation, and it compounded the problems caused by plaintiff's failure to give timely notice of the waiver of a jury trial.

Plaintiff's failure to give timely notice of the waiver seriously prejudiced defendant in his preparation for trial. It induced defendant, in the crucial period shortly before trial, to expend a great deal of time, energy, and money preparing an extensive jury charge for a jury trial that would never occur.

The lack of timely notice further prejudiced defendant by forcing him, on the eve of trial, to prepare proposed findings of fact and conclusions of law as required for a bench trial. Defendant expended considerable time, energy, and money preparing that filing, which consisted of an eight page document containing forty separate proposed findings of fact and seven separate proposed conclusions of law. Defendant filed the proposed findings of fact and conclusions of law on June 8, 1990, just three days before trial. Defendant's filing was thus untimely under the Pre–Trial Order. Defendant's untimely filing was excusable, however, given that he did not receive notice of plaintiff's waiver of his demand for a jury trial until June 5, 1990.

## E

Fourth, plaintiff supplemented his exhibit list in an untimely manner. Under the Court's Pre–Trial Order, a plaintiff must file his list of exhibits no later than ten days prior to trial. Plaintiff timely filed his original exhibit list on June 1, 1990, ten

days before trial. Plaintiff then filed a supplemental exhibit list—containing an additional proposed exhibit—on June 8, 1990, only three days prior to trial. Plaintiff offered no explanation for this late filing. This late filing prejudiced defendant by affording him inadequate time to prepare for the additional exhibit to be offered at trial.

### F

When considered in the aggregate, plaintiff's many transgressions—the untimely and incomplete supplementation of the response to defendant's interrogatory on damages, the two untimely revisions of the witness list, the untimely notification of withdrawal of the jury demand, the untimely filing of the proposed findings of fact and conclusions of law, and the untimely supplementation of the exhibit list—worked an especially severe prejudice upon defendant in his attempt to prepare for trial. In other words, the whole of plaintiff's violations was more egregious and more prejudicial than the sum of its parts.

### II

■ Under Rule 41(b) of the Federal Rules of Civil Procedure, a court can dismiss an action where the plaintiff fails to comply with the Federal Rules of Civil Procedure or with any of the court's orders. *See Herbert v. Saffell*, 877 F.2d 267, 268 (4th Cir.1989). Whether to dismiss a case under Rule 41(b) is a matter for the court's discretion. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978). In exercising its discretion, the court balances "the sound public policy of deciding cases on their merits," *id.* (quoting *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir.1974)), against "considerations of sound judicial administration." *Id.*

Courts are generally reluctant to invoke the sanction of dismissal for failure to comply with a court order. *Von Poppenheim v. Portland Boxing & Wrestling Comm'n*, 442 F.2d 1047, 1049 (9th Cir.1971), *cert. denied*, 404 U.S. 1039, 92 S.Ct. 715, 30 L.Ed.2d 731 (1972). On the other hand, "aggravated circumstances may make dismissal under 41(b) appropriate." *Id.*

■ In determining whether Rule 41(b) dismissal is an appropriate sanction, a district court in this Circuit must consider—

(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a "drawn out history of deliberately proceeding in a dilatory fashion", and (4) the existence of sanctions less drastic than dismissal.

*Herbert*, 877 F.2d at 270 (quoting *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982)).

Although the district court must consider the four factors, "the propriety of dismissal ultimately turns on the facts of each case." *Reizakis*, 490 F.2d at 1135.

### III

■ Applying the four above factors and considering the aggravated circumstances of this case, the Court concludes that dismissal with prejudice under Rule 41(b) is the appropriate sanction for plaintiff's repeated transgressions.

The Court finds that the first factor, the degree of personal responsibility of the plaintiff, does not weigh strongly in favor of dismissal. It is unclear what role, if any, plaintiff himself has played in the repeated violations of the Pre–Trial Order. The remaining three factors weigh heavily in favor of dismissal, however, and make it appropriate in this case.

As for the second factor, defendant, as noted above, has been greatly prejudiced by the manner in which plaintiff and plaintiff's counsel have prosecuted this case. First, plaintiff has repeatedly made untimely filings of important items: his two revised witness lists, his supplemental exhibit list, and his proposed findings of fact and conclusions of law. Second, plaintiff notified defendant of the withdrawal of his jury demand only after defendant had expended time, energy, and resources researching and preparing an extensive proposed jury charge. Finally, plaintiff failed to make a timely supplementation of his response to defendant's interrogatory on the vital issue of damages. These trans-

gressions have made it impossible for defendant either to plan an effective litigation strategy or to prepare for trial. The lack of timely supporting evidence on alleged damages has been especially prejudicial because it has prevented defendant from making an informed choice as to whether to present some type of settlement offer to plaintiff.

As for the third factor, this litigation has been marked by a drawn out history of plaintiff's proceeding in a dilatory fashion. Nearly every item which plaintiff has filed in this matter has been late under the Pre-Trial Order. Plaintiff's counsel is a very skillful lawyer and has a great deal of experience in federal litigation, some of it having been gained before this Court. Given that experience, the repeated violations indicate a purposeful manipulation of this Court's orders, or at least a reckless disregard for those orders.

As for the fourth factor, the Court has considered sanctions less drastic than dismissal and has found them insufficient under the circumstances of this case. For example, the Court has considered preventing certain witnesses from testifying, keeping certain exhibits out of evidence, bifurcating the trial into separate proceedings on liability and damages, and dismissing the case without prejudice. The Court concludes, however, that in order to address plaintiff's repeated and perhaps willful violations of this Court's orders, in order to negate the prejudice worked upon defendant by those violations, and in order to promote sound judicial administration, dismissal with prejudice under Rule 41(b) is the only appropriate sanction.