23 F.3d 400
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Philip W. CARTER, Jr., Plaintiff-Appellant,
v.
UNIVERSITY OF WEST VIRGINIA SYSTEM, Board of Trustees, a
state corporation (a successor state corporation
to the West Virginia Board of Regents),
Defendant-Appellee.
 No. 93-1905.
 United States Court of Appeals, Fourth Circuit
 Argued: April 11, 1994.
Decided: May 16, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CA-91-1036-3)
 David Meshach Fryson, Dunbar, West Virginia, for Appellant.
 Paul L. Weber, Shuman, Annand & Poe, Charleston, West Virginia, for Appellee.
 Charles R. Bailey, Shuman, Annand & Poe, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before RUSSELL and WILLIAMS, Circuit Judges, and TURK, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 In October 1991, Phillip W. Carter filed this lawsuit alleging that from 1986 to 1991, the Board of Trustees of the University of West Virginia (the Board) discriminated against him on the basis of his race. Carter, an African-American male, was hired in September 1980 by the Board to teach social work classes at Marshall University, and continues to teach there. Carter's lawsuit alleged that because of his race the Board engaged in a pattern or practice of harassment and humiliation, refused to promote him while promoting less qualified, less senior faculty, failed to provide him adequate staff and resources to carry out his work, and treated him differently than other members of the social work faculty.
 
 
 2
 On August 10, 1992, after the parties had agreed to a joint extension of time for discovery, the Board served Carter with interrogatories, requests for production of documents, and requests for admission. Carter failed to respond to these discovery requests, even after the Board reminded him that the responses were due and offered him additional time. The Board filed a Motion to Compel on September 24, 1992, and the motion was granted by the district court on October 6, 1992. Upon Carter's failure to respond, the Board filed a Motion to Dismiss on October 20, 1992. Carter had still not responded by November 16, 1992, when the district court held a hearing on the Board's motion. The district court denied the Board's motion but ordered Carter, who was present in the courtroom, to respond to the discovery, and emphasized that if he again failed to respond timely to discovery requests, his case would be dismissed.
 
 
 3
 After the November hearing, the parties, at the direction of the district court, discussed possible dates for Carter's deposition. On December 2, 1992, the Board served Carter with a Notice of Deposition for January 26 and 27, 1993. Carter failed to appear at the deposition and, finding that his excuse--that he could not find a ride--was unjustified and evidenced bad faith, the Board filed a second Motion to Dismiss. A hearing on this motion was held on February 25, 1993. The district court denied the motion to dismiss but awarded the Board its costs. Again, the district court admonished Carter personally that further difficulties and noncompliance with the Federal Rules of Civil Procedure would result in dismissal of his case.
 
 
 4
 In March and April, the Board took Carter's deposition over a period of six days. On March 12, 1993, the Board served Carter with a second set of interrogatories and requests for production, primarily following up on matters mentioned in his deposition. Carter testified that he faxed handwritten answers to the interrogatories to his attorney on April 22, but his attorney said that he could not make much sense of the answers and told him they would need to meet and discuss the answers. Failing to receive Carter's responses, on April 26, 1993, the Board filed its third Motion to Dismiss. A hearing was held on this motion on May 28, 1993, and the district court dismissed the case without prejudice. Carter challenges that dismissal in this appeal.*
 
 
 5
 Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to permit or provide discovery, the court may, among other sanctions, dismiss the case. We review dismissals under Rule 37 for abuse of discretion. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976). The legal standard for dismiss als under Rule 37 is virtually the same as that for dismissals for failure to prosecute under Rule 41. In Hillig v. Commissioner, 916 F.2d 171, 174 (4th Cir.1990), we described four factors to be considered before dismissal for failure to prosecute:
 
 
 6
 (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.
 
 
 7
 While the district court clearly has the authority to dismiss complaints, we have advised that this authority should be exercised with restraint and " '[a]gainst the power to prevent delays must be weighed the sound public policy of deciding cases on their merits.' " Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir.1978) (quoting Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir.1974)). Although dismissal is usually inappropriate to penalize a blameless client for an attorney's behavior, Hillig, 916 F.2d at 174, the fact that the dismissal adversely affects the legal rights of the client does not in itself negate the power. Link v. Wabash R.R., 370 U.S. 626, 633 (1962).
 
 
 8
 Carter's first contention is that he did not intentionally or deliberately fail to comply with the discovery process. He asserts that the record does not support the finding of a history of wilfulness, bad faith, or fault on his part. Second, Carter argues that the district court wrongly held him responsible for the fault of his attorney. According to Carter, he tried to answer the interrogatories to the best of his ability and it was due to his inability to communicate with his attorney that the answers he provided to his attorney were not sent to the Board. Carter analogizes his case to the sloppiness and lack of communication in Hillig, which we held was due primarily to the attorneys and did not warrant dismissal of the action. Third, Carter urges that the district court should have applied a less drastic sanction than dismissal of Carter's case. Finally, Carter alleges that the district court failed to make a finding that the Board was prejudiced by his lack of compliance with discovery requests, and that given the ongoing nature of the discovery and the unfairness of the Board's requests, there could not have been any finding of prejudice.
 
 
 9
 We reject in all respects Carter's characterization of his conduct in this case. His repeated noncompliance with discovery requests, even after two separate personal cautions from the district court that his case would be dismissed if he failed to comply with discovery, clearly demonstrates Carter's own bad faith. The record also shows that the Board was prejudiced in its efforts to defend against Carter's allegations by his conduct, as the district court recognized in stating "[t]he defendants have been dragged through enough here." (J.A. at 184.) The district court's efforts to obtain compliance through lesser sanctions, such as its award of costs to the Board after the February hearing, obviously proved ineffective.
 
 
 10
 As we observed in Davis v. Williams, 588 F.2d 69, 71 (4th Cir.1978), district courts have crowded dockets and "[a]ppropriate sanctions must be available to prevent [their] work from being impeded by the type of conduct disclosed by this record." We also quoted the Supreme Court's statement that
 
 
 11
 [T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.
 
 
 12
 Id. (quoting National Hockey League, 427 U.S. at 643). We conclude that, in the circumstances of this case, the district court did not abuse its discretion in applying the extreme sanction of dismissal. Accordingly, the district court's dismissal of Carter's claim is affirmed.
 
 AFFIRMED
 
 
 *
 Although the order of dismissal was without prejudice, the finality requirement of 28 U.S.C. Sec. 1291 (1988), is met because the time period for filing Carter's Title VII action had run by the time the case was dismissed. See Gray v. Fidelity Acceptance Corp., 634 F.2d 226, 227 (5th Cir.1981) (when dismissal without prejudice is handed down after the statute of limitations has run, the dismissal is a final order for purposes of appeal); Bragg v. Reed, 592 F.2d 1136, 1139 (10th Cir.1979) (when dismissal effectively extinguishes cause of action and plaintiff may not start over again, it is a final, appealable order)