Pauline McCARGO, Appellant,

v.

Oley G. HEDRICK et al., Appellees.

No. 76–1194.

United States Court of Appeals,
Fourth Circuit.

Argued Aug. 25, 1976.

Decided Nov. 22, 1976.

Rehearing and Rehearing En Banc
Denied Jan. 11, 1977.

Douglas E. Bywater, Vienna, Va. (Duvall, Tate, Bywater & Davis, Vienna, Va., on brief), for appellant.

Samuel D. Engle, Jr., Leesburg, Va., Philip D. Gaujot, Charleston, W. Va. (Robert T. Mitchell, Jr., Hall, Monahan, Engle, Mahan & Mitchell, Leesburg, Va., on brief), for appellees.

Before CRAVEN and BUTZNER, Circuit Judges, and FIELD, Senior Circuit Judge.

CRAVEN, Circuit Judge:

This is an appeal by Pauline McCargo from the district court's sua sponte dismissal of her consolidated actions for failure to prosecute. For the reasons stated below, we reverse.

## I.

McCargo's suits against Hedrick, Buch, and Green were consolidated in the Northern District of West Virginia on January 19, 1973.[1] Both suits claim that plaintiff's horse racing license in West Virginia was wrongfully revoked. After the pleadings were closed, and after the 120-day discovery period had expired, there arose under Local Rule 2.08 a duty for counsel to "confer and . . . meaningfully and effectively express and commit themselves in a written statement on matters and issues involved in and controlling determination of the action." The district court extended the deadline for the meeting of counsel to November 27, 1973, and later extended the time for submitting the proposed pretrial order to February 28, 1974.

Counsel were not prompt but filed it about a month later, on April 4, 1974. It was ten pages long. That is not surprising since it was necessarily cut from the pattern of Rule 2.08, which itself runs 11 and a half single-spaced pages. Even so it was not complete. On September 26, 1974, the United States Magistrate instructed counsel that certain amendments to the proposed pretrial order were needed and required their submission by November 18, 1974. This date was extended, and on April 23, 1975, the second proposed pretrial order was filed. The magistrate measured it against Local Rule 2.08 and found it wanting. He returned it to the lawyers on May 13, 1975, with a four-page-plus letter of transmittal.

The magistrate made suggestions which he characterized as "by no means exhaustive" for the preparation of yet another pretrial order. His suggestions were to "serve as a basis for . . . further work in preparing an amended pretrial order which will more nearly structure this action for placement on a trial calendar."

1. Mrs. McCargo filed suit against Green on February 16, 1972, in the Eastern District of Virginia. On May 25, 1972, she brought the action against Hedrick and Buch in the North-
ern District of West Virginia. The *Green* case was later transferred to the Northern District of West Virginia.

The magistrate made some very fine distinctions. For example, he noted that the amended pretrial order states "that defendant Oley Hedrick has been dismissed as a party to the action." But because the defendant's dismissal had not been made by a motion, the words of the proposed pretrial order were adjudged insufficient to accomplish that end. Counsel were told that Hedrick's dismissal could be achieved by a "declarative statement in the amended pretrial order to the effect that all parties agree to his dismissal."

The magistrate noted that numbered paragraph 18 of the proposed amended pretrial order did not deal with the listing of witnesses as required by numbered paragraph 10 of the suggested pretrial order format of the local court rule. For example, he said that the pretrial order should state precisely what a witness by the name of Mumford was expected to say. Did Mumford hear Green state "clearly and unmistakably that Mrs. McCargo's license was revoked?" The magistrate also expressed his concern that Mumford's whereabouts were unknown at the time of pretrial conference and inquired whether he had been located. There was an expression of concern about unknown addresses of other witnesses.

Then the magistrate turned to new matter. The plaintiff was directed to list "all special damages claimed and the bases therefore including, but not limited to, losses suffered in her sewing business and those resulting from her horse being barred from racing." Among other things, the magistrate wanted to know the parties' respective positions with regard to punitive damages.

Finally, the magistrate advised counsel that if there were questions about the preparation of the amendment to the pretrial order they could communicate with him. He stated, however, that, based on his past experience, he could "see no purpose in scheduling another pre-trial conference prior to trial."

By October 9, 1975, the third proposed amended order had not been filed, and no extension of time had been sought from the court. On that date the district court notified the parties that the consolidated actions would be dismissed with prejudice pursuant to Local Rule 2.09 [2] unless good cause for retention was shown within 30 days. The reason cited for the proposed dismissal was that there had been "no manifest interest and action shown in [the suit's] prosecution" and that the case had been on the court docket for more than 12 months.

McCargo's attorney responded to this notice on October 21, 1975, stating that counsel for the parties had been trying to amend the pretrial order pursuant to the magistrate's instructions. He explained, however, that preparation of the amended order had been delayed due to defendants' failure to provide him their lists of documentary evidence. He then moved the court to retain the case on the docket.

By order dated December 4, 1975, the district court sua sponte dismissed the consolidated actions with prejudice and removed them from the docket. He attached to the order the second 13-page proposed amended pretrial order that had been tendered by counsel and stated that it failed to comply with the suggestions made by the magistrate at the pretrial conference and in

2. Local Rule 2.09 of the Northern District of West Virginia states:

DISMISSAL OF NON–PROSECUTED ACTIONS

Any civil action pending in this Court for a period of twelve months from and after the date of its institution, without manifest interest and action shown in its prosecution and development by the parties thereto, may be dismissed with prejudice and with costs assessed against the party or parties whose cause of action is dismissed. In all such cases, prior to dismissal, written notice shall be given by the Clerk to the attorneys of record, and to each of the parties whose addresses are shown in the record, that the action will be dismissed 30 days from and after the date of the notice unless good cause for retention of the action on the Court's docket is shown. In the absence of good cause shown within such period of 30 days, the action may be dismissed by the Clerk.

his May 13, 1975, letter. The district court later denied McCargo's motion to reconsider the order of dismissal.

## II.

A district court may dismiss an action for lack of prosecution, either upon motion by a defendant pursuant to Federal Rule of Civil Procedure 41(b) or on its own motion. *Reizakis v. Loy*, 490 F.2d 1132 (4th Cir. 1974). Because dismissal is such a harsh sanction, however, it "should be resorted to only in extreme cases." *Dyotherm Corp. v. Turbo Machine Co.*, 392 F.2d 146, 149 (3d Cir. 1968). In deciding whether a case should be dismissed, a district court must consider conflicting policies: "[a]gainst the power to prevent delays must be weighed the sound public policy of deciding cases on their merits." *Reizakis*, 490 F.2d at 1135.

In *Reizakis* this court listed factors that must be taken into consideration in determining whether dismissal was proper under Rule 41(b).[3] First is the degree of personal responsibility on the part of the plaintiff. Dismissal should be ordered " 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.' " 490 F.2d at 1135. Second is the amount of prejudice to the defendant caused by the delay. "[G]enerally lack of prejudice to the defendant, though not a bar to dismissal, is a factor that must be considered in determining whether the trial court exercised sound discretion." *Id.* The court in *Reizakis* also considered whether the record indicated a " 'drawn out history' of 'deliberately proceeding in a dilatory fashion' " and whether the trial court had considered sanc-

tions less drastic than dismissal. To the same effect is *Bush v. United States Postal Service*, 496 F.2d 42 (4th Cir. 1974).

When these factors are applied to the present case, the balance tips in favor of a trial on the merits rather than dismissal for want of prosecution. There is no indication in the record that McCargo was personally responsible for her lawyer's delay in filing the third proposed pretrial order or that she or her lawyer was deliberately engaging in dilatory tactics. On the contrary, the record shows that on June 6, 1974, counsel for McCargo wrote the court requesting an expedited pretrial hearing and the setting of the trial on the earliest possible date. Exhibit A, Appellant's Brief. Nor is there any evidence that the defendants were prejudiced by the delay. In fact, the record shows that on at least one occasion counsel for the defendants requested an extension of time for drafting the proposed order and, furthermore, that defendants never complained about the delay or sought dismissal as a result of it. Finally, the district court's order dismissing the consolidated actions does not indicate that any less drastic sanctions were first considered. For these reasons, and another one fully discussed below, we conclude that the district court abused its discretion in dismissing the consolidated actions.

## III.

The facts of this case illustrate the burden put upon litigants and their counsel by a pretrial procedure that appears to have become an end in itself. Rule 16[4] of the Federal Rules of Civil Procedure was and is a great idea. It authorizes the district

---

**3.** A local rule on the subject is, of course, superfluous. The power is an inherent one and is also authorized by Rule 41(b). *Link v. Wabash R.R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

**4.** Rule 16 of the Federal Rules of Civil Procedure reads as follows:

Rule 16. Pre-Trial Procedure; Formulating Issues

In any action, the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider
(1) The simplification of the issues;

(2) The necessity or desirability of amendments to the pleadings;
(3) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;
(4) The limitation of the number of expert witnesses;
(5) The advisability of a preliminary reference of issues to a master for findings to be used as evidence when the trial is to be by jury;
(6) Such other matters as may aid in the disposition of the action.

courts to conduct a *conference* with counsel for the purpose of *aiding* in the disposition of the case, *i. e.,* to make the trial easier. The idea is to help the lawyers and the litigants—not to exhaust them.

■ Wisely, Rule 16 is not compulsory. If the judge views the case as a simple one, he is not compelled to spin the judicial wheels and may simply order the case calendared for trial. If he should decide that a pretrial conference will be helpful in the disposition of the action, Rule 16 tells him and the lawyers briefly and simply the business to be conducted. The agenda is spelled out: (1) simplification of the issues, (2) necessity or desirability of amendments to the pleadings, (3) the possibility of obtaining admissions of fact and admissions of authenticity of documents, (4) limitation of the number of expert witnesses, (5) advisability of referring issues to a special master. The last item on the agenda is "such other matters as may aid in the disposition of the action." "Such other" suggests matters similar to the other five items on the conference agenda. And "matters" are specifically limited to those that may *aid* in the disposition of the case.

### A.

Local Rule 2.08 breaks the promise of Rule 16. A lawyer reading Rule 16 for the first time must surely be pleased. He is offered the aid of the court in the disposition of his case. He is told that an experienced judge (or magistrate) [5] stands ready to help him frame the issues. If his pleadings are inept, presumably they can be fixed. He will not have to bring the heavy bound volumes of deeds from the register of deeds' office; apparently the court will see if some Xerox copies will suffice.

> The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. The

But when the same lawyer turns to Local Rule 2.08, he will discern that what has been given by Rule 16 has been taken away. The first sentence is falsely reassuring. It merely says that Local Rule 2.08 implements Rule 16. As we shall see, it does not. The second sentence is not so clear. It says that the local rule "designs the basic patterns and instructions for pre-trial development . . . ." The third sentence begins the departure from Rule 16. It suggests that compliance with Local Rule 2.08, which is said to implement Rule 16, cannot be easily accomplished and instead will require "initiative, ingenuity and industry" on the lawyers' part to "determine the quality of pre-trial proceedings." The very next sentence tells him that the court means to get the sort of proposed pretrial orders it wants: "appropriate sanctions will be employed as may be necessary."

Then Rule 2.08 "implements" Rule 16 with a vengeance.

> [C]ounsel . . . shall confer and shall meaningfully and effectively express and commit themselves in a written statement on matters and issues involved in and controlling determination of the action. . . . Preliminary to the conference, counsel . . . shall be preparing in typewritten form and shall have available at the conference precise and responsive statements of their materials to be included in the total written statement to be produced by the conference as herein required. . . . While the materials . . . will necessarily vary . . ., the following itemization of issues and matters will provide the design and pattern of the statement and will be followed in order, wherever appropriate, and may be supplemented, in the

> court in its discretion may establish by rule a pre-trial calendar on which actions may be placed for consideration as above provided and may either confine the calendar to jury actions or to non-jury actions or extend it to all actions.

5. Title 28 U.S.C. § 636(b)(2) authorizes district courts to establish rules allowing magistrates to assist the judges in the conduct of pretrial proceedings.

imagination, ingenuity and wisdom of counsel by other materials relevant and pertinent to a just and prompt determination of the action.

By now counsel must be looking back at Rule 16 somewhat wistfully. He has only begun, however, with Local Rule 2.08. The opening paragraph of the written statement he is compelled to submit is prescribed. It recites that counsel have "maturely discussed and considered the matters" and that the "materials . . . are arranged, wherever appropriate, in compliance with the statement outline contained in Rule 2.08 . . .." It is not immediately clear where the statement outline appears in the rule, but we think it relates to the next eight questions propounded by Local Rule 2.08. They read as follows:

1. What issue or issues, if any, exist as to jurisdiction of the Court over any of the parties to the action or the subject matter?

2. What parties, if any, have been incorrectly designated or improperly served with process?

3. What issues or questions, if any, exist concerning the appointment of any guardian, guardian ad litem, next friend, administrator, executor, trustee or other fiduciary?

4. What motions, if any, are pending on which Court action is required?

5. What related actions, if any, are pending or contemplated which may properly be considered for consolidation with this action? See Rule 42(a), Federal Rules of Civil Procedure.

6. Whether separation of issues at the trial will be feasible or desirable. See Rule 42(b), Federal Rules of Civil Procedure, and Rule 2.18 of this Court.

7. Whether jury trial, if previously demanded, will be required or waived.

8. Whether the estimated time required for trial can be stated and, if so, a statement of the time so estimated.

There follows a "SUGGESTED FORMAT OF PRE–TRIAL ORDERS IN CIVIL CASES" with an editor's note that "[t]he matters herein mentioned appear to be the usual matters necessarily acted upon in an effective and comprehensive Pre-Conference and Pre-Trial Order." Counsel are again exhorted to use their "initiative, ingenuity and industry" in "adjust[ing] and adapt[ing] the . . . Order to the requirements of each action."

The opening paragraph of the format pretrial order commits counsel to the proposition that everything that follows is "deemed to be essential to complete and comprehensive preparation of this action for trial." The matters "deemed to be essential" are then described in the suggested format under 12 headings on four printed pages. We reproduce in the margin the hearings and additional explanation for items five, nine, and ten.[6] Under Rule

---

**6.** 1. Parties and Attorneys Participating in Conference who will Participate in the Trial

 (a) For Plaintiff—
 (b) For Defendant—
 (c) For other Party Litigants—
[Instructions to counsel deleted.]
2. Statement of Contentions and Position of Each Party Litigant
[Instructions to counsel deleted.]
3. Statement by all Parties of all Uncontested and Uncontroverted Facts
[Instructions to counsel deleted.]
4. Statement of Plaintiff's Facts Controverted by Others
[Instructions to counsel deleted.]
5. Statement of Defendant's Facts Controverted by Others

(This will be defendant's statement of facts in issue from defendant's point of view but which will be contested by plaintiff or others. Two or more defendants may make separate statements or may join in statements of facts.)
6. Statement of Issues of Law—Uncontroverted and Uncontested
[Instructions to counsel deleted.]
7. Statement of Issues of Law Controverted
[Instructions to counsel deleted.]
8. Summary Statement of Issues of Fact and Law to be Resolved
[Instructions to counsel deleted.]
9. Exhibits to be Offered at the Trial

(The order shall contain stipulations of counsel as to the listed exhibits agreed to be

2.08(f), this "written statement composed by the conference of attorneys shall be incorporated into a proposed pre-trial order to be signed by the attorneys and submitted to the Court" within one week after the close of the 30-day conference period.

If the new lawyer should now think that he has sufficiently exercised his industry, initiative and ingenuity, he may well be mistaken; for if the court thinks otherwise and views the written statement as "not satisfactorily responsive to the pre-trial requirements of the case, the Court may again refer any part or all of the matters to counsel for corrective or supplemental materials to be supplied within such time limits as may be specified." And finally, the court "may decline to enter the order as unresponsive to pre-trial requirements of the action." Rule 2.08(f).

Then come the sanctions. In addition to those one might expect, Local Rule 2.08(g) warns a lawyer who has failed to comply that the court may hold "*ex parte* hearings . . . for composition of the statement and order."

Last, but by no means least, Rule 2.08(i) requires complete trial briefs to be submitted to the court *at the same time the pretrial order is presented* (this is prior to any conference with the magistrate or the judge).

The memoranda may cover law and arguments on issues of law in controversy, pending motions, admissibility of evidence, competency of witnesses, use of depositions, instructions and other matters on which such memoranda will be *helpful to the Court* before and during trial. Copies of the memoranda shall be furnished to opposing counsel at or before the time they are submitted to the Court. *Memoranda submitted late may be disregarded and failure to file memoranda on any points or issues will constitute a presumption that the matters involved are considered unimportant by counsel.*

(Emphasis added.)

Compliance with Local Rule 2.08 and its prescribed format produced in this case a proposed pretrial order 13 pages in length. By way of contrast, we reproduce in the margin a typical form of pretrial order consisting of two pages in its entirety, which we think is sufficient to accomplish the purposes of Rule 16.[7]

---

admitted in evidence without any objection by any party. *Objections to the admissibility* of any exhibits so listed *shall be stated with particularity* by the objecting party *in the prepared order*, and a memorandum of authorities and arguments on the admissibility and objections, separate from and not a part of the order, shall be furnished to the Court by each attorney concerned therewith at the same time the order is presented.)

(Exhibits not so listed and processed in the order for trial as above stated will not be admitted in evidence.)

10. List of all Witnesses to be Offered at Trial

(This will be a list of witnesses to be offered at the trial by plaintiff and a separate list of witnesses to be offered at the trial by each defendant. The lists of witnesses shall contain the name of the witness, his address, and a brief statement indicating the content and area of his testimony.)

(Counsel listing any expert or opinion evidence witnesses shall compose for inclusion in the order a brief statement of the expert's qualifications, identifying him by name and the area of his expertise. An expert witness for whom no statement of qualifications is included in the order will not be allowed to testify at the trial.)

(If a deposition is to be used at the trial, the person giving the deposition shall be listed as a witness by deposition. If the deposition or any part thereof is not considered by any party to be admissible in evidence, objecting counsel shall so state in the proposed order and shall state briefly his reasons for objection. Counsel concerned with admissibility and objection shall furnish to the Court separate and apart from the order but at the same time the order is presented, memoranda of authorities and arguments in support of their positions. See Rule 2.11 of the Court's local rules relating to use of depositions at the trial.)

11. Itemized List of all Special Damages Claimed

[Instructions to counsel deleted.]

12. Other Pre-Trial Considerations and Determinations

[Instructions to counsel deleted.]

7. PRE–TRIAL ORDER

THIS MATTER is before the court for pretrial conference pursuant to Rule 16, Federal Rules of Civil Procedure. It appears to the

### B.

The early optimism [8] that accompanied the adoption of Rule 16 has given way to criticism as lawyers have encountered rules such as Local Rule 2.08. Judge Pollack of the Southern District of New York has listed objections to pretrial procedures that are frequently voiced:

> (1) they represent a mere compilation of legalistic contentions and pleadings without any real analysis of the particular case, (2) they result in formal agreements on minutiae which have no significant effect on the result of the case, (3) they represent a burdensome chore in cases plainly destined to be settled before trial, and (4) they are ceremonial, ritualistic exercises with little actual impact or actual value to the bar or the trier of fact.

65 F.R.D. 475, 477 (1975).

Judge Pollack advocates "some radical face-lifting changes" in pretrial procedures.

50 F.R.D. 427, 451 (1970). He is especially critical of what he sees as "a multiple series of trials or at least a repetitious succession of reviews of material forming the basis for decision before the main event." *Id.* at 460. Ten years prior to his remarks, Judge Skelly Wright warned that "if we continue in this direction of loading pretrial conferences, loading lawyers down, loading litigation down, pretrial is going to suffer the same fate that the common law rules of practice suffered." *Id.* at 455.

In his address last spring before the National Conference on the Causes of Popular Dissatisfaction with the Administration of Justice, Chief Justice Burger identified nine areas of concern needing fundamental changes. One of them was that of pretrial procedure. He stated:

> Now . . . after more than 35 years' experience with pretrial procedures, we hear widespread complaints that they are being *misused* and *overused*. Increasing-

court that all pleadings have been filed and there are no motions pending for decision.

IT IS, THEREFORE, ORDERED:

1. That all discovery procedures, including the taking of all depositions, adverse examinations and independent physical examinations, be concluded on or before _____, and the case calendared for trial at the next term of this court.

2. That the attorneys exchange copies of all exhibits, or permit inspection of those exhibits wherein the making of copies is impractical, at least one week prior to the date of trial. That all exhibits be brought to the Clerk's office and numbered prior to trial and that each attorney prepare a typewritten list showing title and number of his exhibits, and furnish a copy of said list to opposing counsel, and file three copies with the Clerk before the case is called for trial.

3. The attorneys shall prepare a typewritten list of all witnesses to be used at the trial and furnish a copy of the same to opposing counsel at least one week prior to trial, and file three copies with the Clerk at the time the case is called for trial.

4. · The attorneys are directed to prepare a statement showing the education, experience and qualification of all expert witnesses, and that a copy of same be furnished to opposing counsel and three copies filed with the Clerk when the case is called for trial.

5. The attorneys are directed to hold a conference prior to the trial of the case to explore the possibility of settlement, and in the event the case cannot be settled, the attorneys will prepare a statement of all uncontroverted facts and present the same to the court in the form of a stipulation to be read to the jury, or considered by the court if a nonjury case.

6. The attorneys shall agree upon issues and submit them to the court in writing when the case is called for trial. In the event they cannot agree, the attorneys for each side shall present their issues in writing for consideration by the court.

7. Other matters considered by the court:

8. The respective attorneys are requested to submit a brief the day of trial setting forth the facts of the case, the parties' contentions, and a discussion of the applicable law.

This the ___ day of _____ 19___.

_____
United States District Judge

8. Judge Bolitha J. Laws spoke enthusiastically to the ABA's Section of Judicial Administration in 1940:

> I . . . firmly believe that when litigants see the courts are alive to the possibility of a business-like discussion of cases, such as is afforded by pre-trial procedure, their confidence in the courts will inevitably grow. . . . I wish to commend it to you as one of the greatest opportunities to restore or maintain, as the case may be, the regard of the laymen for our great institution . . . .

1 F.R.D. 397, 405 (1940).

ly in the past 20 years, responsible lawyers have pointed to abuses of the pretrial processes in civil cases. The complaint is that misuse of pretrial procedures means that "the case must be tried twice." The responsibility for correcting this lies with lawyers and judges, for the cure is in our hands.

70 F.R.D. 79, 95–96 (1976) (emphasis added). As these criticisms demonstrate, Local Rule 2.08 is simply illustrative of a problem that is national in scope.

Good pretrial practice has also been described. It is always simple. Professor Moore, for example, states that "[t]he chief purposes of the pre-trial conference are to define and simplify the issues, to lessen surprise at trial and the risk of judicial error, to conclude stipulations on matters of evidence, and to promote settlements." 3 J. Moore *Federal Practice* ¶ 16.02, at 1106 (3d ed. 1974). The *Handbook for Effective Pretrial Procedure*, adopted by the Judicial Conference of the United States in 1964, identifies the purpose of pretrial procedure as being the "strip[ping of] each case to its essentials." The Handbook states that this goal is achieved by stipulating undisputed matters, specifying issues with particularity, and formulating an efficient trial plan so as to avoid technical objections and the introduction of unnecessary evidence. 37 F.R.D. 255, 272 (1965).

■ Local Rule 2.08 is a distortion of such purposes. Simplicity has been forgotten. The theory seems to be that if two pages are good, four must be better, and ten or 13 or 21 may prevent a trial altogether, as happened here. Rule 16 was never meant to make lawyers try a case on paper instead of in a courtroom. In fact, it contemplates that the district judge himself will dictate the pretrial order.[9] Of course, the court may seek the aid of counsel in preparing the order, but Rule 16 should not be implemented in such a manner that the

pretrial procedure itself is more difficult and time consuming than the actual trial.

Ours is an adversary system of justice. Local Rule 2.08 is inquisitorial in tone and purpose. In our system lawyers worry about the whereabouts of witnesses. The court does not. Lawyers worry about proof. The court does not—except in the rare case of collusion. Lawyers get the case ready for trial. The court does not. Local Rule 2.08 subordinates the role of the lawyer to that of the administering magistrate, reducing counsel to the role of clerical assistants who are to anticipate imaginatively what other matters ought to be embraced within an endless pretrial order.

The pretrial order format which is a part of Local Rule 2.08 requires: statement of contentions and position of each party litigant, statement of plaintiff's facts controverted by others, statement of defendant's facts controverted by others, statement of issues of law uncontroverted and uncontested, statement of issues of law controverted, and summary statement of issues of fact and law to be resolved. Pleading *trespass de bonis asportatis* and *quare clausum fregit* would be easier. The Federal Rules of Civil Procedure freed us from common law pleading. Under the guise of "implementing" Rule 16, Local Rule 2.08 puts back into a pretrial order that which was so painfully removed from the complaint and the answer less than 40 years ago.

The Second Circuit was faced with a case remarkably similar to this one in *Padovani v. Bruchhausen*, 293 F.2d 546 (1961). The plaintiff petitioned the court of appeals for a writ of mandamus directing the district court to vacate its order that had precluded plaintiff from introducing certain testimony or relying on certain theories of law. The district court had issued this preclusion order after adjudging each of three pretrial statements submitted by plaintiff to be insufficient. The Second Circuit, citing its

---

9. "[T]he *court* shall make an order which recites the action taken at the conference . . . ." Fed.R.Civ.P. 16 (emphasis added). Apparently it is the general practice in at least

three of the districts within this circuit to have the judge dictate the order. The order set out in note 7, *supra*, is prepared by the Clerk and furnished to the lawyers.

"overriding responsibility to see that justice is done between litigants," granted the writ. In an opinion by Judge Clark, an eminent scholar of civil procedure before he became a judge, the court concluded that the pretrial procedure utilized by the district court was not only unauthorized but was "at odds with the purpose and intent of F.R. 16."

> That rule calls for a *conference* of counsel with the court to *prepare* for, not to avert, trial, leading to an order which shall recite the "agreements made by the parties as to any of the matters considered." It is subordinate and conciliatory, rather than compulsive, in character.

293 F.2d at 548.

The detailed information required by the district judge in *Padovani* is the same in scope and format as that required of McCargo by Local Rule 2.08:

> Here . . . the procedure was a kind of pre-pre-trial pleading—and special pleading at that—before hearing or conference was ever reached. . . . Not without careful planning were the federal rules designed to eliminate the evils of special pleading, and they should not be brought back under the guise of pretrial. . . .

> [D]efendant's original demand, which the judge incorporated in his order, was that the plaintiff state (1) "the facts of this case," identifying those admitted by the parties and those put in issue by the pleadings; (2) "plaintiff's legal theory or theories of recovery"; (3) what facts plaintiff intends to prove in support of each theory; and (4) the details of plaintiff's damage. . . . [T]he plaintiff was required (5) to list all proposed exhibits; (6) the names and addresses of all expert witnesses, together with their field of specialization and the substance of their testimony; (7) the names and addresses of all lay witnesses and the substance of their testimony; and (8) whether he intended to seek further relief or discovery, and if so, what. And the demand for the pleading of a legal theory became ever more insistent as the proceedings continued, so that at the end the defendant was seeking information as to detailed claims of law enumerated in several typewritten pages. Yet if there is any characteristic of the federal rules (and indeed of code pleading generally) which is well settled, it is that a plaintiff pleads facts and not law and that the law is to be applied by the court. . . . [T]he departure here made from the pleading ideals embodied in the Federal Rules of Civil Procedure . . . is obvious and marked.

*Padovani v. Bruchhausen,* 293 F.2d 546, 548–49 (2d Cir. 1961).

 We similarly conclude that the pretrial procedures embodied in Local Rule 2.08 and utilized by the district court in this case are at odds with the purposes of Rule 16. Rule 83 of the Federal Rules of Civil Procedure authorizes each district court to make rules [10] governing its practice "not inconsistent" with the Federal Rules of Civil Procedure. We accordingly hold that Local Rule 2.08 is void and of no effect as being inconsistent with Rule 16 of the Federal Rules of Civil Procedure. *See* 12 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 3153, at 225 (1973). Our so holding does not impair the judicial power of the district court. This is so because local rules are not a source of power but are instead a manifestation of it. Our striking down Local Rule 2.08 does not diminish the lawful power of the district court to fully implement, either by local rule or by practice, Rule 16 of the Federal Rules of Civil Procedure, so long as its local rule or practice is not inconsistent with Rule 16.

*REVERSED.*

---

10. Local rules are not required. We are advised that there are no local rules in two of the districts in the circuit. Rule 83 provides that the district courts may regulate their practice in any manner not inconsistent with the Federal Rules of Civil Procedure "[i]n all cases not provided for by rule."