943 F.2d 48
 20 Fed.R.Serv.3d 1378
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Shawn Akin CLAITT, Plaintiff-Appellant,
v.
B.N. NEWCOMB, Individually and in his official capacity as
Police Officer for the Town of Lawrenceville,
Virginia, Defendant-Appellee.
 No. 90-1104.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1991.
Decided Sept. 17, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-89-788-R)
 Argued: Sa'ad El-Amin, El-Amin & Crawford, Richmond, Va., for appellant;
 Warren Hunter Britt, Parvin, Wilson, Barnett & Hopper, Richmond, Va., for appellee.
 On Brief: James W. Hopper, Parvin, Wilson, Barnett & Hopper, Richmond, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and K.K. HALL and PHILLIPS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The question presented is whether the district court erred in dismissing appellant's complaint with prejudice under Fed.R.Civ.P. 41(b) for failure to comply with a pre-trial order. We hold that it did not and therefore affirm.
 
 
 2
 * Appellant is Shawn Akin Claitt, a former student at St. Paul's College in Lawrenceville, Virginia. Appellee is B.N. Newcomb, an officer in the Lawrenceville Police Department. On October 18, 1988, Officer Newcomb arrested Claitt for breaking and entering a retail store near the St. Paul's campus. Claiming that he had been illegally arrested, Claitt brought a § 1983 action against Newcomb. He alleged negligence, malicious prosecution, uttering of false words, and assault and battery. He requested a jury trial.
 
 
 3
 On February 20, 1990, the district court entered a pre-trial order, in which it set a trial date for June 11, 1990. Claitt subsequently missed several deadlines provided for in the order. He responded inadequately to a host of discovery requests. And, on the eve of trial, he waived his right to a jury trial without informing Newcomb of his decision.
 
 
 4
 Newcomb filed a motion for involuntary dismissal of Claitt's complaint under Fed.R.Civ.P. 41(b). After hearing arguments on the motion, the district court dismissed Claitt's complaint with prejudice. The court explained that Claitt's failure to comply with either the letter or the spirit of the pre-trial order, as well as his failure to notify Newcomb of his eleventh hour decision to waive his right to a jury trial, warranted the sanction. Claitt filed a timely appeal.
 
 II
 
 5
 Rule 41(b) permits a district court to dismiss a complaint with prejudice for failure to comply with a court order or with the Federal Rules of Civil Procedure. Herbert v. Saffell, 877 F.2d 267, 268 (4th Cir.1989). Our review of a district court's dismissal under Rule 41(b) is limited. We will not disturb the district court's decision unless it has abused its discretion. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir.1978). Because dismissal with prejudice is a harsh sanction, we measure the exercise of the court's discretion against four criteria:
 
 
 6
 "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a 'drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of sanctions less drastic than dismissal."
 
 
 7
 Herbert, 877 F.2d at 270 (citations omitted). "[T]he propriety of dismissal ultimately turns on the facts of each case." Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir.1974).
 
 
 8
 Applying the above criteria to the facts of this case, we are satisfied that the district court did not abuse its discretion. The court found that the first factor did "not weigh strongly in favor of dismissal" because it was unclear whether Claitt, as opposed to his attorney, bore responsibility for the delays. Claitt v. Newcomb, CA-89-788-R, slip op. at 6 (E.D.Va. Aug. 10, 1990). This represents a generous appraisal of Claitt's conduct. The record shows that some responsibility for the delays rests with Claitt. During the hearing on the Rule 41(b) motion, for example, Claitt's counsel admitted that his client failed to respond to several requests for information. This resulted in the untimely submissions of documentary evidence of damages and of revised witness lists. This case therefore is distinguishable from those in which we have been reluctant to punish a client for the conduct of his attorney.
 
 
 9
 See e.g., Hillig v. Commissioner, 916 F.2d 171, 174 (4th Cir.1990); Reizakis, 490 F.2d at 1135. It more closely resembles Davis v. Williams, 588 F.2d 69 (4th Cir.1978), in which we affirmed a Rule 41(b) dismissal with prejudice because, among other reasons, the plaintiff shared blame for the obstructive conduct.
 
 
 10
 The district court found that the second factor, prejudice to the defendant, heavily favored dismissal. We agree. The delayed responses to interrogatories and document requests, coupled with the lack of specificity of those responses, handicapped Newcomb's efforts to prepare for trial. More significantly, this hindered Newcomb's ability to make an informed choice whether to risk going to trial or to settle, because he was unable to determine his potential exposure to damages. The tardy filing of revised witness lists also precluded Newcomb from discovering relevant, possibly mitigating, evidence from those witnesses. Claitt's waiver of his right to a jury trial without notifying Newcomb also was prejudicial. Unaware of Claitt's decision to proceed with a bench trial, Newcomb unnecessarily submitted a fifty-eight page proposed jury charge. He then was forced to prepare proposed findings of fact and conclusions of law on short notice.
 
 
 11
 Regarding the third factor, whether there has been a history of deliberate delay, the district court found "purposeful manipulation of this Court's orders, or at least a reckless disregard for those orders." Claitt, slip op. at 9. The record amply supports this finding. The repeated violations of the pre-trial order permit the inference that Claitt's counsel, or Claitt himself, intended to withhold relevant information from Newcomb. In most instances the delays occurred without any explanation, much less an apology. What explanations were given by Claitt's counsel for the delays were inadequate. It is no excuse, as we have shown, that Claitt himself contributed to the problem by failing to respond to his attorney's requests for information. Claitt's responsibility for the dilatory filings is an aggravating, not a mitigating, circumstance.
 
 
 12
 The fourth factor asks whether sanctions short of dismissal with prejudice would be effective. The district court explored several less exacting penalties--excluding evidence, bifurcating the trial into liability and damages proceedings, assessing attorney's fees, or dismissing the case without prejudice. It held, however, that each of these sanctions was inadequate; the totality of circumstances merited dismissal with prejudice. Harsh though this penalty may be, we hesitate to second-guess the court's conclusion, particularly since we concur with the findings underlying it. The district court is better situated than we are to evaluate this amalgam of factors. It also has more insight concerning the effect its decision will have on the efficient management of the docket in the Eastern District of Virginia. The court considered each of the relevant criteria and set forth its comprehensive analysis in an excellent ten-page opinion. This contrasts with some of the cases upon which Claitt relies. In Herbert, 877 F.2d at 270, McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir.1976), and Reizakis, 490 F.2d at 1135-36, for example, the district courts had dismissed claims without considering less severe measures. Finally, it is well to remember that the question is not "whether the Court of Appeals[ ] would as an original matter have dismissed the action; it is whether the District Court abused its discretion in so doing." National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976) (upholding involuntary dismissal under Rule 37 for failure to respond to written interrogatories). The district court did not abuse its discretion in this instance. We therefore affirm.
 
 
 13
 AFFIRMED.
 
 K.K. HALL, Circuit Judge, dissenting:
 
 14
 The majority's decision to affirm the imposition of the harshest sanction imaginable on the plaintiff is, in my view, unwarranted. I dissent.
 
 
 15
 The majority first finds that Claitt bore some responsibility for some of the delays caused by the dilatory actions of his lawyer. The entire evidence of this, however, is the statements of Claitt's counsel during a motion hearing conducted in chambers. Moreover, the first notice that dismissal of the action was a possibility was the Rule 41(b) motion filed three days before the motion hearing. The majority cites this shifting of responsibility onto the client's shoulders as a factor distinguishing this case from others in which this court has overturned Rule 41(b) dismissals with prejudice. In the single reported case in which such a drastic sanction was upheld by this court, however, the client's share of responsibility was considerable: (1) he had refused to keep a court-ordered medical appointment "because he could not take his radio with him"; (2) he had refused to discuss his condition with an orthopedist; and (3) he had engaged in "other obstructive conduct...." Davis v. Williams, 588 F.2d 69, 70 (4th Cir.1978). The misconduct in Davis is a far cry from this case, in which the district court stated that "[i]t is unclear what role, if any, plaintiff himself has played in the repeated violations of the Pre-Trial Order." Claitt v. Newcomb, CA-89-788-R (E.D.Va. Aug. 10, 1990). Without clearer evidence of noncompliance by Claitt himself, a less severe sanction should have been meted out. See Hillig v. C.I.R., 916 F.2d 171, 174 (4th Cir.1990) ("A dismissal sanction is usually inappropriate when it unjustly penalizes a blameless client for his attorney's behavior."); Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir.1974) ("[I]n situations where a party is not responsible for the fault of his attorney, dismissal may be invoked only in extreme circumstances."); see also Link v. Wabash Railroad Co., 370 U.S. 626, 648 (1962) (Black, J., dissenting) (suggesting that no client be penalized because of his lawyer's conduct unless notice of such a possibility is first given to the client); cf. Ballard v. Carlson, 882 F.2d 93 (4th Cir.1989), cert. denied, 110 S.Ct. 1145 (1990) (explicit warning to pro se plaintiff a critical factor justifying Rule 41(b) dismissal).
 
 
 16
 The defendant's lawyer did not learn of Claitt's withdrawal of his jury demand until less than a week before the trial was scheduled to begin. The district court found that this seriously prejudiced the defendant's ability to evaluate settlement possibilities and to prepare for trial, and the majority concurs that this factor strongly supports the dismissal. However, plaintiff's counsel explained to the district court that he was contacted by the court clerk and asked whether he (the plaintiff) wished to waive a jury trial. He agreed to waive it, believing that the request to do so had come from the court or opposing counsel. Counsel also stated that he assumed the clerk would notify the other side.* As he was continuing his explanation, the district judge interrupted him by saying: "All right, let's talk about the other things, the other failures." Plaintiff's counsel's explanation, which was unrebutted, strikes me as entirely plausible; moreover, the judge's comments conveyed an acceptance of the explanation. Without making a specific finding of fact on the issue, the district court made the waiver and failure to notify opposing counsel the centerpiece of the dismissal order.
 
 
 17
 Aside from the matter of the jury trial waiver, the decision to dismiss rested on Claitt's counsel's conceded violations of the pretrial order. An interrogatory response (supplementing an earlier, incomplete response) was eleven days late, and even this supplemental response was incomplete. Two revised witness lists were filed untimely, and a supplemental exhibit list (adding one additional exhibit) was filed seven days late. While this conduct should certainly be sanctioned, I do not believe it reaches a level that would justify the ultimate sanction.
 
 
 18
 The fourth and final factor to be considered in deciding a Rule 41(b) motion is "the effectiveness of less drastic sanctions than dismissal." Hillig, 916 F.2d at 174. The exclusion of evidence and witnesses was an option considered by the district court, but this avenue was rejected because the court felt dismissal was necessary "to address plaintiff's repeated and perhaps willful violations of this Court's orders, ... to negate the prejudice worked upon defendant, and ... to promote sound judicial administration...." Claitt v. Newcomb, CA-89-788-R (E.D.Va. Aug. 10, 1990). The majority now hesitates to second-guess the lower court. However, this court has second-guessed a number a district courts in a line of cases reversing Rule 41(b) dismissals, and some of these opinions use strong language to emphasize that dismissal with prejudice should be reserved for the most egregious cases. Hillig, 916 F.2d at 171 (dismissal under analogous tax court rule "reserved for only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules"); Herbert v. Saffell, 877 F.2d 267 (4th Cir.1989); Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir.1982); Dove v. Codesco, 569 F.2d 807, 810 (4th Cir.1978) ("[D]ismissal power should be exercised only in the face of a clear record of delay or contumacious conduct by the plaintiff."); McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir.1976) ("[D]ismissal should be resorted to only in extreme cases."); Reizakis, 490 F.2d 1132; Bush v. U.S. Postal Service, 496 F.2d 42 (1974).
 
 
 19
 Davis v. Williams currently stands as the only published case in which this court has not found an abuse of discretion.
 
 
 20
 The pretrial order was entered by the district court on February 20, 1990, and a trial was scheduled for less than four months from that date. Plaintiff resided in New York. There is a reference in the record that a short extension of discovery was sought and obtained by plaintiff's counsel because of a personal medical problem. During the Rule 41(b) motion hearing, plaintiff's counsel suggested various lesser sanctions, many of which were raised by the defendant in his motion in limine filed three days before the dismissal motion. Imposition of costs, exclusion of evidence, or other less drastic measures were called for. The prosecution of the case by the plaintiff was unsatisfactory in many respects, but not so egregious that the plaintiff should be deprived of his cause of action. I would reverse and remand for the imposition of some lesser sanction.
 
 
 
 *
 Claitt's counsel's explanation is consistent with Fed.R.Civ.P. 38(d), which requires that the consent of all parties be obtained before any one party's prior demand for a jury trial may be withdrawn