UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ERNEST E. RICHARDSON,

*Plaintiff-Appellee,*

v.

BODDIE-NOELL ENTERPRISES,
INCORPORATED, d/b/a Hardee's of 33
& Main Street,

*Defendant-Appellant.*

No. 03-1011

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
Norman K. Moon, District Judge.
(CA-01-32)

Argued: September 25, 2003

Decided: October 27, 2003

Before WILLIAMS and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Jim Harold Guynn, Jr., GUYNN & MEMMER, P.C.,
Roanoke, Virginia, for Appellant. Thomas Winfield Williamson, Jr.,
WILLIAMSON & LAVECCHIA, L.C., Richmond, Virginia, for
Appellee. **ON BRIEF:** C. Kailani Memmer, GUYNN & MEMMER,
P.C., Roanoke, Virginia, for Appellant. John E. Davison, DAVISON
& KITZMAN, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

This appeal arises from a simple slip-and-fall negligence action. After a trial, a jury awarded Ernest E. Richardson $647,000 in compensatory damages for injuries that he sustained when he fell on a wet tile floor in a Hardee's restaurant owned by Boddie-Noell, Incorporated. Boddie-Noell appeals several of the district court's rulings. We affirm.

I.

On July 25, 2000, Richardson slipped on some wet tile in the entrance of a Hardee's restaurant in Louisa, Virginia. Richardson fell and severely injured his back and left shoulder. Richardson filed suit in Virginia state court, and Boddie-Noell removed the case to the United States District Court for the Western District of Virginia, based on the parties' diverse citizenship. *See* 28 U.S.C.A. §§ 1332 (West 1993), 1441 (West 1994).[1]

During voir dire, Richardson used all four of his peremptory challenges to exclude men from the venire. Boddie-Noell objected, claiming that Richardson was unconstitutionally striking men from the venire solely because of their gender. At the district court's request, Richardson offered gender-neutral explanations for the use of his challenges. Richardson explained that he challenged two of the men because they were engineers, who, in his experience, tend to recreate evidence rather than evaluate the evidence produced at trial. He challenged a third man because the man had once slipped and fallen in the parking lot of a business without commencing a lawsuit. The final

---

[1]Richardson is a citizen of Virginia. Boddie-Noell is a North Carolina corporation with its principal place of business in North Carolina. (J.A. at 15.)

challenge was against a man who did not make eye contact with trial counsel and who seemed disinterested in the proceedings. Boddie-Noell alleged that these reasons were pretextual but presented no evidence of pretext except that Richardson had challenged only men. The district court accepted Richardson's explanations and allowed the case to proceed to trial, stating that "nongender reason[s] [had been] given."

In a pretrial order, the district court granted Boddie-Noell partial summary judgment, ruling that Richardson could not recover damages for lost profits from his genetic cattle business or for a diminution in the sale price of his tractor business, because those damages were not proximately caused by his fall. During the trial, when Boddie-Noell was presenting its defense, a Boddie-Noell employee testified that he had placed an orange cone in the area of the accident *before* mopping it. The district court had earlier sustained an objection and refused to let Richardson testify that he had observed the Boddie-Noell employee place a warning sign in the area of the accident *after* his fall. In rebuttal, Richardson renewed his effort to admit that testimony. Boddie-Noell again objected, but this time the district court overruled the objection and allowed the testimony. The district court gave the jury the following limiting instruction:

> I caution you that the evidence at this point is admitted only insofar as it goes to the credibility of previous — maybe it would go to whether previous witnesses were telling the truth. It may not be considered by you as evidence that there was any danger out there or not. You can only consider whether or not you use this evidence coming in now as to whether a previous witness was telling the truth, and it has to do with when the cones were there.
>
> You can't decide the cones were not there based on this evidence.

(J.A. at 185-86.)

During the course of the trial, Boddie-Noell also objected to testimony related to Richardson's inability to work at his tractor business and his farm. The district court excluded evidence related to Richard-

son's loss of income, but allowed Richardson to testify about the various physical activities that he no longer could perform.

Richardson's counsel made several procedural errors during the trial, made inappropriate comments and gestures in the presence of the jury, and attempted to elicit inadmissible testimony from multiple witnesses. The district court repeatedly reprimanded Richardson's trial counsel for his inappropriate behavior and instructed the jury to disregard counsel's inappropriate questions and comments. At one point, Boddie-Noell moved for dismissal because of Richardson's counsel's misconduct. The district court apparently took the motion under advisement, without ruling on it, and the trial continued.

After the jury returned its verdict for Richardson, Boddie-Noell moved for a new trial, relief from the verdict, and renewed its motion for dismissal of the action, alleging that Richardson's misconduct had inflamed the jury. Boddie-Noell also alleged that the damage award was excessive. The district court denied the motions, and Boddie-Noell now appeals to this court. We have jurisdiction to hear Boddie-Noell's appeal from the district court's final judgment. 28 U.S.C.A. § 1291 (West 1993). We address each of Boddie-Noell's arguments in turn.

II.

A.

Boddie-Noell first requests a new trial on the basis that Richardson used his peremptory challenges to remove only men from the venire in violation of Boddie-Noell's constitutional rights as recognized in *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 130-31 (1994). *See United States v. Tipton*, 90 F.3d 861, 881 (4th Cir. 1996) (recognizing that Fifth Amendment provides comparable protections in federal court); *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 623-27 (1991) (holding that private litigants in civil cases may not use peremptory challenges in a discriminatory manner). Because *J.E.B.* is based on the same logic and reasoning as *Batson v. Kentucky*, 476 U.S. 79 (1986), our cases addressing *Batson* claims are instructive here.

We have held that once a litigant offers a legitimate gender-neutral explanation for the use of his peremptory strikes, the burden lies with the party challenging the strikes "to show *both* that these reasons were merely pretextual *and* that [gender] was the real reason for the strike." *United States v. McMillon*, 14 F.3d 948, 953 (4th Cir. 1994).

"A trial court's determination regarding the exercise of a peremptory challenge for allegedly . . . discriminatory reasons is accorded great deference on appeal." *Davis v. Baltimore Gas & Elec. Co.*, 160 F.3d 1023, 1026-27 (4th Cir. 1998). "In the typical peremptory challenge inquiry, the decisive question will be whether counsel's [gender]-neutral explanation for a peremptory challenge should be believed." *Hernanzdez v. New York*, 500 U.S. 352, 365 (1991) (plurality opinion). Assessing the credibility of a litigant's gender-neutral explanation is "peculiarly within the trial judge's province." *Id.*; *accord McMillon*, 14 F.3d at 953. Accordingly, we will not disturb a district court's *Batson* ruling unless it is clearly erroneous. *Davis*, 160 F.3d at 1026.

In this case, Boddie-Noell asserts that the district court clearly erred when it denied Boddie-Noell's challenge to Richardson's use of his peremptory strikes. Upon a review of the record, we disagree. After following the requisite procedure, the district court accepted Richardson's gender-neutral explanations as non-pretextual. Boddie-Noell points to nothing in the record, other than the statistical fact that Richardson challenged only men, to support its assertion that a contrary finding was required. Given Boddie-Noell's inability to produce evidence demonstrating that gender-based discrimination was the motivating force for the strike, the district court's rejection of the discrimination challenge was not clearly erroneous. *See McMillon*, 14 F.3d at 953.[2]

---

[2]In the alternative, Boddie-Noell asserts that the district court's ruling was incomplete, because "the District Court failed to make appropriate findings." (Appellants Br. at 11.) Apparently, Boddie-Noell would have liked the district court to rule "individually" on each gender-neutral explanation offered by Richardson and make explicit factual findings with respect to each. Put simply, Boddie-Noell wanted the district court to use more words when it ruled on its challenge. We find no reversible error in the district court's concise ruling. The court's statement clearly articulated its rationale — it believed Richardson's proffered "nongender reason[s]." (J.A. at 45.)

B.

Boddie-Noell next argues that the district court made two separate evidentiary errors. We review a district court's rulings on the admissibility of evidence for abuse of discretion. *United States v. Whittington*, 26 F.3d 456, 465 (4th Cir. 1994).

Boddie-Noell first claims that the district court erred by allowing Richardson to testify that he observed a Boddie-Noell employee placing a warning sign in the area where he had fallen after the accident. They argue that this evidence of a subsequent remedial measure was offered to prove that Boddie-Noell was negligent, and thus should have been excluded under Federal Rule of Evidence 407. Rule 407 prohibits the admission of evidence of remedial measures taken after an accident "to prove negligence, culpable conduct, . . . or a need for a warning or instruction." Fed. R. Evid. 407. Such evidence is admissible, however, if "offered for another purpose, such as . . . impeachment." *Id.*

Boddie-Noell's argument ignores the limiting instruction given by the court prior to Richardson's testimony. The court admonished the jury that it could consider the evidence only to determine "whether previous witnesses were telling the truth," and not as evidence of whether "there was any danger out there or not." Rule 407 explicitly endorses the admission of evidence of subsequent remedial measures for impeachment purposes, and Richardson's testimony clearly impeached the testimony of a Boddie-Noell employee who claimed to have installed a warning cone *before* Richardson fell. As "[w]e must presume that the jury heeded [the limiting] instruction," *United States v. Silva*, 745 F.2d 840, 844 (4th Cir. 1984), we hold that the district court's admission of Richardson's testimony for impeachment purposes was not an abuse of discretion.

Boddie-Noell also avers that the district court improperly admitted irrelevant and prejudicial evidence of Richardson's inability to perform certain work-related activities. Richardson testified about his inability to perform various physical activities, such as breaking cattle and loading and unloading tractors from the back of a truck, since the accident. (J.A. at 78-79.) Boddie-Noell argues that this testimony was irrelevant because it only showed economic losses to Richardson's

tractor and genetic cattle businesses, losses that the district court excluded as items of damage in a summary judgment. This argument has no merit. Richardson's testimony tended to show the extent of his physical injuries and his mental suffering, both of which are appropriate items of damage under Virginia law. *See*, *e.g.*, *Chesapeake & Potomac Tel. Co. of Va. v. Carless*, 102 S.E. 569, 572 (Va. 1920). The testimony was thus clearly relevant, *see* Fed. R. Evid. 401, and had little tendency, if any, to result in "unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. The district court therefore did not abuse its discretion by finding as much.

C.

Boddie-Noell also challenges the district court's denial of its motion to dismiss Richardson's claim because of his attorney's misconduct at trial. Federal Rule of Civil Procedure 41(b) gives district courts the power to involuntarily dismiss an action "[f]or failure of the plaintiff . . . to comply with [the Federal R]ules [of Civil Procedure] or any order of court." Fed R. Civ. P. 41(b). We have noted that involuntary dismissal under Rule 41(b) "is such a harsh sanction . . . [that] it should be resorted to only in extreme cases." *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976) (quotation marks omitted). We thus require a district court to consider four factors when deciding whether to involuntarily dismiss an action for attorney misconduct. *Id.* First, the court must consider the "degree of personal responsibility on the part of the plaintiff." *Id.* Second, it must determine the "amount of prejudice to the defendant." *Id.* Third, it must look to the record to see if it indicates "a drawn out history of deliberately proceeding in a dilatory fashion." *Id.* Finally, the court must consider whether "sanctions less drastic than dismissal" will be effective. *Id.* Applying these factors, the district court concluded "that this case is not a situation which warrants the severe sanction of involuntary dismissal." (J.A. at 203.) We review a district court's denial of a Rule 41(b) motion to dismiss for abuse of discretion. *See McCargo*, 545 F.2d at 396.

Richardson's trial counsel admitted that he did not "know the Federal Rules of Civil Procedure, or the Federal Rules of Evidence, as well as [he] should." (J.A. at 200). We agree with the district court that counsel's errors were "frustrating," to say the least. (J.A. at 203). Despite the bungling, Richardson's trial counsel's misconduct was

not so egregious as to warrant the severe sanction of dismissal. *See McCargo*, 545 F.3d at 396. The district court reprimanded Richardson's counsel after each misstep, and when necessary, instructed the jury to disregard his inappropriate questions and comments. The district court concluded that, by taking these actions, it had "adequately dealt with counsel's behavior," (J.A. at 203), and we agree. District Judge Moon did an extraordinary job of dealing with a difficult attorney, and, rather than demonstrating an abuse of discretion, his rulings and admonitions demonstrate an admirable balance of sternness and patience. We hold that the district court did not abuse his discretion by using "sanctions less drastic than dismissal" to remedy Richardson's trial counsel's misconduct. *See McCargo*, 545 F.3d at 396.

D.

Boddie-Noell also assigns as error the district court's refusal to relieve it from the jury's verdict in light of the misconduct of Richardson's counsel. Federal Rule of Civil Procedure 60(b)(3) gives district courts the power to relieve a party from an adverse judgment because of "fraud . . . misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3). To prevail on a Rule 60(b)(3) motion, "the moving party must have a meritorious defense; . . . the moving party must prove misconduct by clear and convincing evidence; and . . . the misconduct [must have] prevented the moving party from fully presenting its case." *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994). For example, we have granted Rule 60(b)(3) motions in cases in which one party failed to produce evidence essential to an adversary's position. *See id.*; *Green v. Foley*, 856 F.2d 660 (4th Cir. 1988); *Square Constr. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68 (4th Cir. 1981). We review a district court's denial of a Rule 60(b)(3) motion for abuse of discretion. *Schultz*, 24 F.3d at 630.

The district court properly refused to relieve Boddie-Noell from the jury's verdict. Although Richardson's counsel behaved inappropriately, his misconduct did not prevent Boddie-Noell from fully presenting its case. *See Schultz*, 24 F.3d at 630. In short, the district court properly concluded that Richardson's misconduct was not the type that justifies relief under Rule 60(b)(3), because it did not "metaphorically tie one hand behind the back of the defendant." (J.A. at 204-205.)

E.

Finally, Boddie-Noell contends that the district court erred by refusing to set aside the jury's verdict as excessive and order a new trial. Because Virginia substantive law governed Richardson's claim for relief, we also apply Virginia law to determine whether the jury award was excessive. *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 437-438 (1996); *Steinke v. Beach Bungee, Inc.*, 105 F.3d 192, 197 (4th Cir. 1997). "[C]ourts of appeals engage in review of district court excessiveness determinations applying 'abuse of discretion' as their standard." *Gasperini*, 518 U.S. at 435.

Under Virginia law, jury verdicts are excessive if they "'shock the conscience of the court and . . . create the impression that the jury has been influenced by passion, corruption or prejudice, or has misconceived or misunderstood the facts or the law, or if the award is so out of proportion to the injuries suffered to suggest that it is not the product of a fair and impartial decision.'" *Norfolk Beverage Co. v. Cho*, 259 Va. 348, 354 (2000) (quoting *Smithey v. Sinclair Refining Co.*, 122 S.E.2d 872, 875-76 (Va. 1961)). "'If the verdict merely appears to be large and more than the trial judge would have awarded had he been a member of the jury, it ought not to be disturbed, for to do so the judge must then do what he may not legally do, that is, substitute his judgment for that of the jury.'" *Id.* (quoting *Smithey*, 122 S.E.2d at 875-76). "[T]here is no exact method by which to measure and value in monetary terms the degree of pain and anguish of a suffering human being, and, unless the jury's verdict is so great as to indicate its judgment was actuated by partiality or prejudice, the court should not disturb the verdict." *Virginia Elec. and Power Co. v. Dungee*, 520 S.E.2d 164, 180 (Va. 1999).

In light of Richardson's injuries, we cannot say that the district court abused its discretion by finding that the jury's verdict did not shock its conscience. At trial, the evidence demonstrated that Richardson had permanently lost some range of motion in his arm. Richardson testified that he had been in constant, substantial pain since the fall and was planning on having corrective surgery because he could no longer deal with the pain. The surgery would leave him unable to engage in strenuous physical activity and unable fully to turn his

head. Richardson is no longer able to work in the tractor business or to raise and break cattle.

Although we recognize that the verdict in this case is substantial, our job is not to review the record and come to an independent conclusion about how much damage Richardson sustained. The district court was not permitted to "substitute [its] judgment for that of the jury," *Norfolk Beverage*, 522 S.E.2d at 290, and neither are we. In light of the Virginia Supreme Court's recent decision upholding a jury verdict of $20,000,000 in favor of a burn victim who had incurred no medical expenses,[3] the jury's $647,000 verdict in this case "is [not] so great as to indicate its judgment was actuated by partiality or prejudice." *Virginia Elec.*, 520 S.E.2d at 180; *see also Salih v. Lane*, 423 S.E.2d 192, 197 (1992) (upholding a compensatory damage award of $1,200,000 to a woman who suffered "irreparable damage to some of the nerves that c[a]me out of [her] neck and [went] . . . down into [her] arm" and heart arrhythmia). We conclude that the district court did not abuse its discretion in finding that the award was not excessive.

### III.

For the foregoing reasons, we affirm the judgment of the district court.

*AFFIRMED*

---

[3]The Shriner's hospital treated the victim at no charge. *Virginia Elec. and Power Co. v. Dungee*, 520 S.E.2d 164, 180 (Va. 1999).